**STATE of Iowa, Appellee,**

v.

**Earl L. HARRY, Appellant.**

**No. 66574.**

Supreme Court of Iowa.

Oct. 21, 1981.

Francis C. Hoyt, Jr., Appellate Defender, and Chris T. Odell, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

The question here is whether defendant's sentence, following a guilty plea, should be set aside because the trial judge refused to recuse himself. We find merit in defendant's contention and hence we vacate the sentence and remand the case for resentencing.

Defendant entered a guilty plea to the crime of burglary in the second degree. § 713.3, The Code 1981. To quote from his appellate brief, "[i]n this appeal, defendant is neither challenging the voluntariness of his guilty plea nor seeking its vacation." Notwithstanding this concession he urges that he should be sentenced by another judge because, he says, his guilty plea was coerced during plea negotiations. At the time fixed for sentencing, defendant filed a written motion, supported by the affidavit of his trial attorney, which in pertinent part stated:

> I further depose and state that, during the period of plea negotiations, the presiding judge made several prejudicial remarks regarding the defendant to [me] in chambers and off the record. The judge:
>
> (1) accused the defendant and [me] of delaying tactics and wasting judicial time by engaging in extensive plea negotiations while a jury was waiting to hear the case of *State vs. Gary Harry*;
>
> (2) informed me that if we allowed an innocent man (Gary Harry) to go on trial due to the defendant's silence, the judge would make it difficult for [me] and my client at our trial the following week;
>
> (3) threatened that he could use his authority as judge to attempt to delay parole and [assure] that the defendant served a longer portion of his sentence in prison if he failed to give a statement exonerating Gary Harry and necessarily implicating the defendant himself;

(4) informed me that I should advise the defendant to fire Peter J. Klauer as his attorney on the Clayton County charges and hire me, and further that the defendant should then enter a guilty plea to all charges pending in Jackson County and Clayton County.

I further depose and state that all of these remarks were made out of the presence of the defendant, but many of them were overheard by the defendant, who was sitting in the adjoining courtroom.

The trial judge did not subscribe to all matters detailed in the affidavit but from the record we can take them as established.

█ I. The parties cite and rely on the same principles and authorities. Iowa code of judicial conduct Canon 3(C)(1) provides: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party. . . ." We interpreted the canon in *State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979). We discussed the obligation of a trial court to recuse itself on a basis of personal bias in a number of other cases including *State v. Gartin*, 271 N.W.2d 902, 913 (Iowa 1978), and *State v. Smith*, 242 N.W.2d 320, 323–25 (Iowa 1976). The following principles emerge. A trial judge determines whether personal bias or prejudice might affect impartiality. That determination will not be overturned unless an abuse of discretion is shown. A substantial burden rests upon one seeking to prove a judge is not impartial.

█ Personal bias, in order to support a claim of partiality, must ordinarily arise from an extrajudicial source, not on impressions the judge gained in an official capacity. *Smith*, 282 N.W.2d at 142; *Smith*, 242 N.W.2d at 324; *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966). Because defendant here had no association with the trial judge outside the courtroom the State seeks an affirmance under the foregoing authorities. But we think the reliance on the principle here is misplaced. The judge here should have recused himself not because of partiality but by reason of impropriety.

Our criticism of the judge for exerting pressure by threatening counsel does not mean it was improper for him to be concerned with the matters which attracted his interest. Ordinarily it would be no criticism of the judge here to say he sought the two objectives mentioned. Some indignation could be expected from this defendant's conduct. After all, he admitted he possessed knowledge which would exonerate another man, then set to go to trial, but chose to remain silent unless plea negotiations were successful. And it is necessary, in this day of case backlog and the severe demands on a judge's time, for a trial judge to carefully superintend the expeditious processing of the business of the courts. It is especially required that the time of litigants, jurors, and prospective jurors, be guarded and respected. Eleventh-hour settlements, those which come about while a jury panel is waiting, is a tradition which should be consigned to the past. The busy citizens who now come for jury duty will not and should not forgive the judiciary for any insensitivity toward the sacrifices they make in jury service.

Nevertheless, a judge cannot protect the interests of the innocent and cannot guard his own and a juror's time by untoward pressure on litigants or counsel. In *State v. Glanton*, 231 N.W.2d 31, 35 (Iowa 1975), we quoted with approval from Sir Francis Bacon's essay "Of Judicature":

... Patience and gravity of bearing is an essential part of justice; and an overspeaking judge is no well-tuned cymbal. It is no grace to a judge first to find that which he might have heard in due time from the bar; or to show quickness of conceit in cutting off evidence or counsel too short, or to prevent information by questions, though pertinent. . . .

Judicial Canon 3(A)(3) states in part: "A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his offi-

cial capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control."

It was plainly wrong for the trial judge to exert pressure on defendant's lawyer in an effort to induce a guilty plea. It is true that the voluntariness of that plea is not at issue. But there is no way this judge could thereafter effectively function and give the appearance of justice. Contrary to the State's contention, we do not think the situation is saved by the appropriateness of the sentence or the fact defendant knew what it would be. Following his injudicious injection into the guilty plea negotiations, it was an abuse of discretion for the judge to refuse to recuse himself.

The sentence imposed is vacated and the case is remanded with directions that defendant be resentenced by a different trial judge.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCE.