STATE of Iowa, Appellee,

v.

William FARNI, Appellant.

No. 67468.

Supreme Court of Iowa.

Oct. 27, 1982.

Arthur F. Gilloon, of Schilling & Gilloon, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Stephen M. Foritano, Asst. Atty. Gen., Ralph R. Potter and Timothy J. Gallagher, Asst. Dubuque County Attys., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

LeGRAND, Justice.

A jury found defendant guilty of first degree robbery, a violation of Iowa Code section 711.2 (1981). The trial court subse-

quently sentenced him to a penitentiary term not to exceed twenty-five years. On defendant's appeal, we affirm.

Defendant raises these issues as error:

1. The admission of certain hearsay testimony;
2. The refusal to submit defendant's proposed instruction on intoxication;
3. The admission into evidence of a handgun seized from defendant's car; and
4. Pretrial bias of the trial judge.

From the evidence the jury could find that on the afternoon of March 29, 1981, the defendant assaulted Denette Elgin in a restaurant parking lot. Defendant, who was wearing a gun under his sweatshirt, demanded that Denette surrender her money and her purse. After a brief scuffle, defendant fled on foot through the parking lot.

There were two eyewitnesses to this assault, who pursued by car. As defendant fled over the top of a nearby grassy knoll, the two left in their car and continued the chase on foot. When the pursuers reached the top of the knoll, they were forced to retreat because defendant turned and waved his pistol at them. Defendant continued to wave the pistol as he climbed into his parked van and made his getaway. The two witnesses then called in the description of defendant's van to the police.

Within minutes the defendant's van was stopped by two cruising police cars. Both defendant and his wife (who drove the van) were arrested and taken into custody. The arresting officers conducted a warrantless search of the van. A handgun and holster were found and were subsequently introduced at trial as evidence against defendant.

I. *Hearsay Evidence.*

During trial the State relied on the testimony of certain eyewitnesses to the altercation, the arresting police officers' testimony, and hearsay evidence that the victim allegedly gave to her mother and others immediately after the assault. The victim herself did not testify. Defendant claims he was denied a fair trial because he was not given an opportunity to cross-examine the victim. He claims this denied him the opportunity to confront the witnesses against him, a right guaranteed by the Iowa Constitution, article I, section 10, and by the sixth amendment to the United States Constitution.

Specifically, defendant objects to the following hearsay testimony from the victim's mother:

[My daughter, the victim] said she thought he had a gun or a knife in a holster under his arm. As she struggled with him and pushed him back out of the car, she felt the weapon and this is why she struggled so hard.

This was the only direct evidence defendant had a gun at the time of the assault. No one else said defendant was armed at that time. Defendant himself explained his possession of the weapon while he was being chased by saying he had earlier concealed it on the route of his flight and had retrieved it as he fled.

On this appeal defendant claims the mother's testimony violated the principles announced in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In *Roberts,* the Supreme Court laid down guidelines designed to reconcile the sixth amendment right of confrontation with the evidentiary rules of hearsay. The Court held that when a hearsay declarant is not present for cross-examination, there must "normally [be] a showing that [the declarant] is unavailable." Furthermore, the testimony is admissible "only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Id.* at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608. In this case, defendant claims that the State failed the first *Roberts* criterion because the State made no "good faith effort" to require the victim's presence at trial. *See State v. Zaehringer,* Iowa, 325 N.W.2d 754, 758–59 (Iowa 1982).

■ We do not reach this question because defendant did not raise at trial the constitutional grounds he seeks to assert here. We do not review issues, even on constitutional grounds, which are raised for the first time on appeal.

In this case, defense counsel vigorously objected to the mother's testimony, but not on the basis he now urges for reversal. We quote from the record:

Mr. Potter (Assistant County Attorney): Now, Mrs. Elgin, while [your daughter] was in this condition and half crying, did she indicate to you whether the person who had attacked her had a weapon?

Mr. Gilloon (Defense Counsel): Objection, your Honor. Calls for hearsay. In addition, the question is leading and suggestive.

THE COURT: The objection is overruled and the Court considers this part of the res gestae.

Mrs. Elgin: Yes. She said she thought he had a gun or a knife in a holster under his arm. As she struggled with him and pushed him back out of the car, she felt the weapon, and this is why she struggled so hard.

Mr. Gilloon: Your Honor, I am going to object at this point and ask that my objection precede the witness' answer to that, in addition to it being hearsay, it is outside of the proposed Minutes of Testimony that the witness—that we were informed that this witness was going to testify to.

We had no knowledge, otherwise, I would have raised an objection as to the last statements she made, supposedly that her daughter felt the gun, whatever.

Mr. Potter: Your Honor, the last thing in the Minutes of Testimony that the witness will testify in full as to any statements made to her by her daughter while she was in this excited condition.

■ The objection that the question "calls for hearsay" is too broad to raise the issue of constitutional right of confrontation. Objections to evidence must be sufficiently specific to inform the trial court of the basis for objecting. This one failed to meet this standard. The trial court ruled on the objection as it was made. Nothing more was required of him. *State v. Taylor,* 310 N.W.2d 174, 177 (Iowa 1981); *State v. Fowler,* 248 N.W.2d 511, 517 (Iowa 1976).

II. *Jury Instruction Regarding the Defense of Intoxication.*

■ Defendant claims that the trial court improperly instructed the jury on defendant's defense of intoxication. Specifically, defendant contends that the intoxication instruction (Iowa Uniform Jury Instruction # 210) is faulty because it failed to remind the jurors that the burden remained on the State to prove the specific intent of defendant at the time of the offense.

In *State v. Holmes,* 276 N.W.2d 823 (Iowa 1979), we faced this same challenge to this same jury instruction. In *Holmes,* we held that the jury instructions, when viewed as a whole, left no doubt about the State's burden of proof on the question of intent. *Id.* at 826. As in *Holmes,* we conclude defendant's claim is without merit because the other jury instructions in this case made it clear that the State had the burden to prove defendant's intent, even though defendant relied on the intoxication defense.

III. *Introduction of the Weapon.*

■ Defendant contends that the search of his van and the subsequent seizure of his handgun were illegal. The search of the van by police was done without a warrant; however, it was conducted only after the police had placed defendant in custodial arrest. Defendant does not challenge the validity of his custodial arrest. In *State v. Sanders,* 312 N.W.2d 534 (Iowa 1981), we held that once a police officer "has made a lawful custodial arrest of the occupant of the automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 539. *See also United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). We hold the trial court properly overruled defendant's motion to suppress the introduction of the handgun at trial.

**110**

IV. *Judicial Pretrial Bias.*

Defendant's final claim concerns the question of whether the trial judge abused his discretion by not recusing himself after having made some pretrial remarks to the effect that the defendant was "obviously guilty of something." These remarks occurred at the defendant's bond review hearing after the trial court had reviewed the minutes of testimony. Defendant argues that these remarks constituted reversible error. We do not agree.

There is a substantial burden imposed on one who seeks to prove that the trial judge is not impartial. *State v. Smith,* 282 N.W.2d 138, 142 (Iowa 1979). Furthermore, the decision of the trial judge will not be overturned unless there has been an abuse of discretion. *State v. Harry,* 311 N.W.2d 108, 109 (Iowa 1981); *State v. Smith,* 242 N.W.2d 320, 324 (Iowa 1976). In order to constitute the prejudice necessitating a different judge, "[t]he alleged bias and prejudice ... must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *State v. Smith,* 282 N.W.2d at 142 (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966); see also *State v. Harry,* 311 N.W.2d at 109.

In this case the defendant has failed to demonstrate any personal bias stemming from an extrajudicial source. The trial court's statements were made in a pretrial hearing from information gained during the course of the present proceeding against defendant.

We agree the judge's statements were ill-advised if taken out of context. It might be argued, however, that he was only expressing his opinion that, if the minutes of testimony were established, defendant "was guilty of something." In any event, the remarks were without prejudice to defendant. The case was tried to a jury. Defendant does not claim any improper or biased conduct of the trial judge during the trial. The judge's comments, made in chambers with only counsel present did not deprive defendant of a fair and impartial trial.

Finding no reversible error, we affirm the judgment.

AFFIRMED.