**Joseph R. FOUTS, Petitioner-Appellant,**

**v.**

**STATE of Iowa, Respondent-Appellee.**

**No. 83–1645.**

Court of Appeals of Iowa.

Jan. 29, 1985.

Richard L. McCoy, Sioux City, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. and Steven K. Hansen, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

Petitioner was convicted and sentenced for possession of a controlled substance in violation of Iowa Code section 204.401(3), operating a motor vehicle without consent in violation of Iowa Code section 714.7, and burglary in the second degree, for which he had been on probation, in violation of Iowa Code sections 713.1, 713.3. The conviction followed a guilty plea by petitioner which he subsequently asked to withdraw on the grounds that the State had breached the plea agreement by sending him to the substance abuse program at Oakdale rather than Cherokee. Petitioner filed a notice of appeal with the supreme court but this was

later dismissed by the clerk of the supreme court for want of prosecution.

An application for postconviction relief was then filed by petitioner, alleging that he was coerced into pleading guilty, the plea agreement was breached by the State, petitioner was not allowed to withdraw his plea, he was not advised of his right to file a motion for arrest of judgment, his probation was improperly revoked, and he was denied effective assistance of counsel. The State answered and moved for summary judgment asserting that petitioner's grounds for relief were based upon factual and legal contentions known at the time of the original proceeding, and failure to pursue direct appeal of those issues barred relief in postconviction proceedings. At the hearing on the motion, the evidence indicated that an appeal was filed at petitioner's request. Petitioner's appellate counsel, who had also been petitioner's trial counsel, testified that he felt the appeal was without merit, that he informed petitioner of this, and that petitioner vacillated on pursuing the appeal. Counsel was later notified by petitioner to drop the appeal. At the hearing, two letters from petitioner to his attorney asking that the appeal be dropped were introduced into evidence. Petitioner denied that he told counsel to drop the appeal. On October 18, 1983, the trial court entered its order, finding that petitioner was not denied effective assistance of counsel. Summary judgment was granted in favor of the State on the ground that postconviction relief was barred due to petitioner's failure to present his claims on direct appeal. Petitioner has appealed.

■ Postconviction relief proceedings are actions at law triable to the court and ordinarily are reviewed only on error. *Hahn v. State,* 306 N.W.2d 764, 768 (Iowa 1981). However, when there is an alleged constitutional violation, this court will make its own evaluation of the totality of the circumstances under which the postconviction ruling was made. *Stanford v. Iowa State Reformatory,* 279 N.W.2d 28, 31 (Iowa 1979).

Petitioner claims the trial court erred in granting the summary disposition denying his application for postconviction relief on the ground that his failure to appeal directly barred him from postconviction relief. He contends that his failure to appeal directly was due to ineffective assistance of counsel.

■ As a general rule, any claim not raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously. *Washington v. Scurr,* 304 N.W.2d 231, 234 (Iowa 1981). Inadequacy of appellate counsel, if established, is sufficient reason to permit a new issue to be raised on appeal. *Hinkle v. State,* 290 N.W.2d 28, 31 (Iowa 1980).

■ When a defendant relies on a specific act or omission to prove ineffective assistance of counsel, two conditions must be demonstrated: 1) counsel failed to perform an essential duty, and 2) prejudice resulted therefrom. *State v. Miles,* 344 N.W.2d 231, 234 (Iowa 1984). The test for ineffective assistance was most recently set forth in *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In that case, the Court stated: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at —, 104 S.Ct. at 2068, 80 L.Ed.2d at 698 (1984). The court further stated that "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at —, 104 S.Ct. at 2069, 80 L.Ed.2d at 698.

■ In the present case, the record does not support petitioner's claim of ineffective assistance. The petitioner wrote his attorney on two separate occasions and asked him to drop the appeal. The attorney testified that he had several phone conversations with petitioner in which he confirmed

this request. In view of these communications, the attorney's failure to pursue the appeal did not constitute a failure to perform an essential duty.

The trial court's findings that the petitioner received effective assistance of counsel was proper.

Because of petitioner's own request, the claims he now seeks to assert were not raised on direct appeal. He cannot now raise them in a postconviction relief proceeding. The trial court properly granted the summary judgment.

The findings of the trial court are affirmed.

AFFIRMED.