**Henry Lee WHITFIELD, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 88–1599.**

Court of Appeals of Iowa.

Jan. 25, 1990.

Catherine Alexander, Bettendorf, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and William E. Davis, Scott Co. Atty., for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

Petitioner Henry Lee Whitfield (Whitfield) appeals from a district court ruling denying his application for postconviction relief. Whitfield contends his trial attorney rendered ineffective assistance (1) by failing to communicate effectively the benefits of a plea bargain offered by the State, and (2) by failing, when he discovered the communication problem, either to withdraw or to seek the appointment of cocounsel who could communicate more effectively with an African–American[1] defendant. We affirm.

---

1. The term "African–American" has become the preferred racial designation for Americans of African decent. The term is preferred over the use of "Black" because it is both culturally more specific and historically more expansive. *See* Kennedy, *Racial Critiques of Legal Academia*, 102 Harv.L.Rev. 1745, 1745 n. 2 (1989); Crenshaw, *Race, Reform, and Retrenchment: Transformation and Legitimation in Antidiscrimination Law*, 101 Harv.L.Rev. 1331, 1332 n. 2, 1385 n. 200 (1988); Williams, *Alchemical Notes:*

*Reconstructing Ideals from Deconstructed Rights*, 22 Harv.C.R.–C.L.Rev. 401, 404 n. 4 (1987); Comment, *Affirmative Action: Richmond v. J.A. Croson, "Simon Says Take One Giant Step Backwards"*, 75 Iowa L.Rev. ——, —— n. —— (1990) (forthcoming). Supreme Court Justice Thurgood Marshall recently endorsed the change in nomenclature in *Wilkerson v. Texas*, —— U.S. ——, ——, 110 S.Ct. 292, 293, 107 L.Ed.2d 272, 273 (1989) (Marshall, J., dis-

In 1980 Henry Whitfield was accused of kidnapping and sexually abusing a thirteen-year-old child. He was charged with first-degree kidnapping, which carries a life sentence, and with second-degree sexual abuse.

While Whitfield was awaiting trial, the State offered to let him plead guilty to lesser charges. Whitfield vacillated about this offer for quite some time. Eventually, on the eve of trial, he decided to accept the plea offer. The trial court, however, refused to accept the proffered plea. Whitfield was then tried for first-degree kidnapping, was convicted of that charge, and was sentenced to life in prison.

Whitfield has now challenged his 1980 conviction by applying for postconviction relief. The district court denied postconviction relief, and Whitfield has appealed.

Whitfield suggests that the district court's refusal to accept his guilty plea to lesser charges was probably motivated largely by Whitfield's vacillation and delay in deciding· to accept the plea offer. He also suggests that he vacillated and delayed because his attorney was unable to communicate effectively the benefits of accepting the plea offer and the risks of proceeding to trial. He asserts that communication problems arose because he is African–American and poorly educated, and because his white attorney was unfamiliar with African–American culture and unable to communicate effectively with him. He contends his attorney rendered ineffective assistance (1) by failing to communicate effectively the benefits of the plea bargain, and (2) by failing, when he discovered the communication problem, either to withdraw in favor of an African–American attorney or to seek the appointment of African–American cocounsel who could communicate with Whitfield.

The State contends that Whitfield has forfeited any postconviction relief when his counsel on direct appeal elected not to make such a claim. We agree. Iowa Code section 663A.8 (1987), provides:

Any ground finally adjudicated or not raised, or knowingly, voluntarily and in-

telligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding applicant has taken to secure relief, may not be the basis for a subsequent application [for postconviction relief] unless the court finds a ground for relief asserted which for sufficient reason was not asserted....

See also *Polly v. State*, 355 N.W.2d 849, 855 (Iowa 1984).

Whitfield's appellate counsel filed a timely appeal. On February 17, 1982, the Iowa Supreme Court affirmed Whitfield's kidnapping conviction and sentence. 315 N.W.2d 753. The Court, however, reversed Whitfield's conviction of second degree sexual abuse.

As noted, Whitfield seeks postconviction relief on the basis of ineffective assistance of counsel due to his trial counsel's failure to withdraw in a timely fashion or apply for cocounsel who could effectively communicate the benefits of a plea bargain offered by the State. This issue was not raised on direct appeal and cannot be raised in a postconviction relief proceeding unless Whitfield "establishes by a preponderance of the evidence 'sufficient reason' for not having raised the ... issue on his direct appeal." *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980). Whitfield must also show by a· preponderance of the evidence actual prejudice resulting from the alleged errors. *Polly*, 355 N.W.2d at 856.

Whitfield does not allege nor seek to establish sufficient reason for not having raised the issue of effectiveness of trial counsel on direct appeal. "[I]neffective assistance of appellate counsel may provide the 'sufficient reason' necessary to allow a petitioner to raise for the first time in postconviction the ineffective assistance of trial counsel." *Gavin v. State*, 425 N.W.2d 673, 675 (Iowa App.1988) (citing *State v. White*, 337 N.W.2d 517, 520 (Iowa 1983)); *see also Hinkle*, 290 N.W.2d at 31. Whitfield, however,· does not claim ineffective assistance of appellate counsel. Therefore, we find Whitfield's postconviction relief ac-

senting). Justice Marshall, however, used the     term "Afro–American."

tion is barred pursuant to Iowa Code section 663A.8. Consequently, we affirm Whitfield's conviction of first-degree kidnapping.

AFFIRMED.