Anthony Francis BLUM, Appellant,

v.

STATE of Iowa, Appellee.

No. 92–1198.

Court of Appeals of Iowa.

Oct. 28, 1993.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., Virginia Barchman, Asst. Atty. Gen., and Kevin H. Clefisch, County Atty., for appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Petitioner Anthony Francis Blum appeals a district court's denial of his application for postconviction relief from his conviction, pursuant to a guilty plea, of second-degree murder. There was no direct appeal of Blum's conviction.

Blum was charged with first-degree murder on March 22, 1988. The case was assigned to Judge George Stigler. Jury selection for the case began on October 2, 1989, in Clayton County. Blum pleaded guilty to second-degree murder that evening. Attorney Joseph Bitter represented Blum.

On October 10, 1989, Blum filed a motion to withdraw his guilty plea and motion in arrest of judgment. Attorney Bitter continued to represent Blum during the hearing on these motions. Judge Stigler also presided over the hearing on the posttrial motions.

At the hearing Blum claimed he had pleaded guilty because he feared the jury would not treat him fairly and felt intimidated by the court's statements. Blum alleged the judge had stated no plea bargain agreements would be allowed once the jury was sworn and advised Blum to accept a plea bargain. Blum alleged a prospective juror was allowed to say three times he was guilty during jury selection. Blum believed the jury would not

be impartial in view of the juror's statement. The judge stated he did not believe a juror had made such a statement. During the hearing the judge requested Bitter make a professional statement as to whether such a statement had been made during jury selection. Bitter stated he did not think the juror expressed an opinion regarding Blum's guilt or innocence.

Blum also claimed the judge had made statements which intimidated him. Blum alleged the judge taking the plea made the following statement to him while the parties were discussing a plea bargain: "You'll either walk or you'll go away for a long time, and I advise you to take this last plea bargain and there will be no more." At the posttrial hearing the judge denied he made such statement. The judge insisted Bitter make a professional statement as to this allegation as well. The judge stated: "Again, Mr. Bitter, I'm going to insist that you give us your professional statement as to what I did or did not do." Bitter testified contrary to Blum's claims. He stated he did not recall the judge making such statement and did not think the judge made any comments about whether Blum would walk. Bitter stated, however, the judge had made a statement, which was off the record, if Blum was going to enter a plea, he had to enter one before the end of the day.

The district court denied Blum's motion to withdraw his guilty plea. The court sentenced Blum to a maximum term of imprisonment not to exceed fifty years. There was no direct appeal of Blum's conviction.

In September 1990 Blum sought postconviction relief. In his application Blum contended: (1) the district court's personal feelings toward him affected its discretion in overruling his motions, and (2) Bitter assumed a role adverse to him during the posttrial hearing when Bitter made professional statements which contradicted his allegations of misconduct. The postconviction court found sufficient reasons existed as to why the issues raised were not raised on direct appeal. The court then considered the merits of Blum's application and denied relief.

Blum appeals, raising two issues. First Blum contends the postconviction court erred in holding the district court properly overruled his motion to withdraw his guilty plea. Second Blum argues his counsel rendered ineffective assistance by assuming a position adverse to Blum at the hearing on the motion to withdraw guilty plea and motion in arrest of judgment.

■■■ Postconviction relief proceedings stand as an action at law, triable to the court and generally are reviewed only on error. *Overton v. State,* 493 N.W.2d 857, 858 (Iowa 1992) (citation omitted); *Fouts v. State,* 365 N.W.2d 38, 39 (Iowa App.1985) (citation omitted). When the applicant alleges a constitutional violation, however, this court will make its own evaluation of the totality of the circumstances under which the postconviction ruling was made. *Gordon v. State,* 480 N.W.2d 265, 267 (Iowa App.1991) (citation omitted). The transcripts of the plea proceeding and the hearing on the motions to withdraw the guilty plea and in arrest of judgment were admitted into evidence in the postconviction hearing. The jury selection process was not recorded.

■■■ In a postconviction relief proceeding, the applicant has the burden to prove by a preponderance of the evidence a claim of ineffective assistance of counsel. *Kellogg v. State,* 288 N.W.2d 561, 563 (Iowa 1980). A presumption exists counsel is competent. *Sims v. State,* 295 N.W.2d 420, 423 (Iowa 1980). The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980); *Munz v. State,* 382 N.W.2d 693, 697 (Iowa App. 1985). When a defendant relies on a specific act or omission to prove ineffective assistance of counsel, two conditions must be satisfied: (1) counsel failed to perform an essential duty, and (2) prejudice resulted from counsel's failure. *Greiman v. State,* 471 N.W.2d 811, 814 (Iowa 1991); *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981).

■■■ A postconviction proceeding, however, is not the appropriate forum to raise new issues that have not been properly pre-

served. *Washington v. Scurr*, 304 N.W.2d 231, 234–35 (Iowa 1981). Blum's claim of ineffective assistance of counsel can only be presented in a postconviction proceeding if he establishes by a preponderance of the evidence (1) sufficient reason or cause for not having raised the issue on direct appeal, and (2) prejudice resulting from alleged errors. *Collins v. State*, 477 N.W.2d 374, 376 (Iowa 1991); *see Whitfield v. State*, 453 N.W.2d 536, 537 (Iowa App.1990); Iowa Code § 822.8 (1993).

Blum argues sufficient reason exists why this issue was not raised in direct appeal. He contends Bitter failed to appeal Blum's conviction. The postconviction court specifically held: "The court does not find that Attorney Bitter was ineffective by failing to file a notice of appeal. The timing of the communications [between Blum and Bitter regarding a possible appeal], however, provide sufficient reason or cause for not having raised the issue of ineffective assistance of counsel on appeal." We adopt this finding as our own and address the merits of Blum's claims.

Blum argues his trial attorney rendered ineffective assistance, and he challenges the voluntariness of his guilty plea. Both claims are based on prejudicial statements allegedly made by a juror and the judge. We determine all of Blum's allegations of misconduct go to the issue of whether he received a fair hearing on his motions to withdraw and in arrest of judgment. We determine Blum did not receive a fair hearing due to ineffective assistance of counsel and actions and statements of the presiding judge.

Blum contends his trial attorney, Joseph Bitter, rendered ineffective assistance by assuming a position adverse to him at the hearing on his motions to withdraw his guilty plea and in arrest of judgment. Blum claims his attorney became his adversary when the attorney made professional statements which directly contradicted Blum's allegations of juror and judicial misconduct. Blum alleges three incidents of juror and judicial misconduct: (1) a juror was allowed to state during jury selection Blum was guilty, (2) the judge taking the guilty plea advised Blum to take a plea bargain, and (3) the judge taking the plea stated he would not allow Blum to enter a plea after the jury was sworn.

■ The hearing on Blum's motions to withdraw his guilty plea and in arrest of judgment centered upon Blum's allegations of juror and judicial misconduct. During the hearing the presiding judge insisted Blum's attorney make professional statements regarding Blum's allegations of juror and judicial misconduct. A professional statement "is a technique, used as a matter of convenience and practical necessity, to establish a record of matters peculiarly within the knowledge of an attorney." *State v. Brewer*, 247 N.W.2d 205, 212 (Iowa 1977). The statement has the effect of an affidavit. *Id.* (citations omitted). The judge also made statements as to his recollection of the events. The statements from Blum's attorney and the judge contradicted Blum's allegations of prejudicial misconduct. Blum contends the conduct of his attorney and the judge resulted in ineffective assistance. Blum requests a new hearing on his motion to withdraw his guilty plea.

■ First we consider the actions or omissions of Blum's attorney during the hearing on the motions. Specifically we determine whether Blum's attorney rendered ineffective assistance to his client when he made the professional statements contrary to Blum's allegations of misconduct. Iowa Disciplinary Rule 7–106 provides: "In appearing in his professional capacity before a tribunal, a lawyer shall not assert his personal knowledge of the facts in issue, except when testifying as a witness." The problem in this case is Bitter was defendant's attorney, not a witness, at the time he made the professional statements regarding the incidents of alleged misconduct. Disciplinary rule 5–102 provides a lawyer may continue representing a client until it is apparent his testimony is or may be prejudicial to his client. There is no evidence Bitter had any notice the judge would request him to testify at the hearing as to events surrounding the plea proceeding and selection of the jury; however, Bitter failed to compensate for the inadequate representation he rendered to his client when he made the professional statements. The record shows the attorney made the professional

statements at the insistence of the judge presiding over the hearing on the motions. Blum's attorney failed to perform an essential duty to his client; he failed to provide representation. By complying with Judge Stigler's requests for professional statements, the attorney left his client without any representation to cross-examine or object. The lack of counsel in this situation prejudiced Blum.

In light of Blum's claim he was prejudiced during the hearing on his motions, we also view the "position" of the judge presiding over the post-trial hearing. The same judge took the guilty plea.

We think it runs against the grain of fairness to say that the same judge may consider his own crucial testimony and recollection rebutting [defendant's] claim and simultaneously pass upon the credibility of all witnesses in weighing the evidence. A member of the judiciary has no peculiar competence in factual recollection of unrecorded events. In fact, the many cases a trial judge participates in may well cloud vivid recollection of detail in a specific case. A party should be permitted to test a judge's recollection, as a witness presenting factual material testimony, as he would any other witness upon cross-examination.

.    .    .    .    .

Indeed, a judge presiding at a trial is not a competent witness, for the duties of a judge and a witness are incompatible. If he testifies he would have to pass upon the competency of his own testimony; and as a witness he might be regarded a partisan, and would be subject to embarrassing conflicts with counsel. The danger to the dignity of the bench, of subjecting its impartiality to doubt and of placing the defendant at an unfair disadvantage by admitting the presiding judge as a witness is very obvious.

*Tyler v. Swenson,* 427 F.2d 412, 415 (8th Cir.1970) (citations omitted). At the hearing on Blum's motions the presiding judge provided testimony, based on his recollection, about the incidents of misconduct which allegedly occurred during the previous jury selection and the plea proceeding. The

judge considered this testimony in reaching his determination to overrule Blum's motions. The right to be informed of adverse evidence to be weighed by the trier of fact is basic to due process in all types of proceedings. *Id.* (citations omitted).

We also view the actions of the presiding judge. It is not customary for a judge to demand an attorney make a professional statement adverse to his client's cause or interests in a matter in which the attorney is representing the client. *See Cogley v. Hy Vee Food Stores, Inc.,* 257 Iowa 1381, 1386–87, 137 N.W.2d 310, 313 (1965) (professional statement by defense counsel supported defendant's cause and interests; counsel elected to make professional statement). We disapprove of this type of demand or request by a judge under such circumstances. This judicial conduct contributed to the ineffective assistance rendered by trial counsel at the hearing.

We further review the court's actions in the context of the judicial code of conduct. Judicial Canon 3(A)(3) states in part:

> A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.

At the hearing on Blum's motions, the judge stated to Blum:

> Having had a chance to observe your traits and character I feel safe in telling you that you're easily one of the most manipulative and downright deceitful people I've ever had the misfortune to encounter. . . . As far as I'm concerned you've done nothing but repeatedly lie this morning; and if this were not a forcible felony, which it most definitely is, I would not hesitate to send you to prison. My only regret is I can't give you more time that [sic] I am going to give you.

The statements made by the presiding judge suggest he allowed his personal feelings and interests to create a palpable atmosphere of hostility during the hearing on Blum's mo-

tions. *See State v. Hardy*, 492 N.W.2d 230, 234 (Iowa App.1992). Our judicial code of conduct provides a judge should disqualify himself under certain circumstances. Iowa Code of Judicial Conduct Canon 3. More specifically,

[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

a. The judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Iowa Code of Judicial Conduct Canon 3(D)(1)(a). Judge Stigler had presided over the jury selection and plea proceeding and had personal knowledge regarding Blum's allegations of juror and judicial misconduct. At the hearing the judge made statements on the record denying a juror had stated Blum was guilty and he had advised Blum to accept a plea bargain. The judge should have recused himself from the hearing on Blum's motions to withdraw his guilty plea and in arrest of judgment because of the allegation of judicial intimidation and his personal knowledge regarding Blum's claims of juror and judicial misconduct.

Several actions of Blum's attorney and the trial judge prejudiced Blum, including: Bitter making professional statements contrary to Blum's interests, while in the capacity as Blum's attorney; Bitter failing to withdraw as counsel when he assumed a position adversary to his client; the judge insisting Bitter make professional statements; and the judge providing testimony regarding disputed facts which refuted Blum's allegations of misconduct. The synergetic effect of the conduct of Blum's attorney and the presiding judge was to deny Blum effective representation of counsel at the hearing. We are unable to say Blum received a fair hearing on his motions to withdraw his guilty plea and in arrest of judgment. We reverse the decision of the postconviction court. We order Blum should receive a new hearing on his motion to withdraw his guilty plea and motion in arrest of judgment. This hearing should be held before a judge who has not participated in issues presented to this court in this appeal. We limit our decision to the specific facts of this case.

**REVERSED AND REMANDED FOR A NEW HEARING.**

DONIELSON, J., takes no part.