STATE of Iowa, Appellee,

v.

Anthony Francis BLUM, Appellant.

No. 96–454.

Supreme Court of Iowa.

Feb. 19, 1997.

Alfredo Parrish and Margaret Stuart of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Virginia Barchman and James Kivi, Assistant Attorneys General, and Kevin H. Clefisch, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

HARRIS, Justice.

We affirm the district court's denial of postconviction relief. The defendant fared better in a prior appeal. In *Blum v. State,* 510 N.W.2d 175, 180 (Iowa App.1993), our court of appeals reversed the denial of relief and remanded for further proceedings. The case is before us for our review of the record made following remand. We think the second postconviction hearing accorded Blum everything to which he was entitled, and discloses he was correctly denied relief.

Because the facts were recited in the court of appeals decision, a brief sketch will suffice here. The defendant, Anthony Francis Blum, pled guilty to second-degree murder on October 2, 1989, after jury selection had begun on a charge of first-degree murder. A week later Blum moved to withdraw his guilty plea, asserting he had been scared and was intimidated both by the judge and the jury. Blum contends a prospective juror stated three times he thought Blum was guilty. Blum also claims Judge George Stigler, who presided at the time, told him he

should take the plea bargain because there would be no more offers.

Judge Stigler presided at the posttrial hearing on the motion to withdraw the plea. During this hearing Judge Stigler asked Blum's counsel to make professional statements concerning Blum's assertions. Counsel disclaimed Blum's assertions concerning both the juror and the judge. Judge Stigler stated during the posttrial hearing that he did not recall a juror stating he thought Blum was guilty. Judge Stigler also denied talking with Blum regarding any possible plea negotiations. The court then rejected Blum's motion and sentenced him to fifty years in prison.

In September 1990 Blum filed a postconviction action, claiming ineffective assistance of counsel and arguing that Judge Stigler's personal hostility towards him affected the decision to deny his posttrial motion to withdraw the plea. The district court, Judge L. Vern Robinson presiding, denied the application.

Blum then appealed that postconviction ruling. The court of appeals held Judge Stigler had acted improperly during the posttrial hearing by: (1) insisting that Blum's attorney make professional statements regarding Blum's allegations of juror and judicial misconduct contrary to Blum's interests; and (2) considering his own testimony and recollection to rebut Blum's claim. *Blum,* 510 N.W.2d at 178–80. Concluding that Judge Stigler should have recused himself from presiding over the posttrial motion, the court reversed the postconviction judgment and remanded for a new hearing on the posttrial motion before a judge who had not participated in the issues on appeal. *Id.* at 180.

Judge Lynn E. Brady presided at the hearing on remand. Blum again argued his guilty plea was involuntary, claiming (1) Judge Stigler and his own counsel forced him into making the plea; (2) he was intimidated by the jurors; (3) he was told he would not receive a fair trial in Clayton County; (4) prolonged confinement immediately prior to trial caused him stress affecting his judgment; (5) a painful injury to his ankle also

affected his ability to think clearly and present issues at the hearing; and (6) a time limit Judge Stigler placed on accepting the plea put undue pressure on him.

The district court rejected Blum's factual contentions and again denied postconviction relief. The matter is before us on Blum's appeal.

 I. It lies within the trial court's sound discretion whether to grant or deny a withdrawal of a guilty plea. *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987). We do not find an abuse of discretion unless the defendant shows it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* We uphold a guilty plea where:

[A] defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion.

*Id.*

 Postconviction relief proceedings stand as actions at law, triable to the court and generally are reviewed only on error. *Overton v. State*, 493 N.W.2d 857, 858 (Iowa 1992). But when the applicant alleges a constitutional violation, such as an involuntary guilty plea, we make our own evaluation of the totality of the circumstances under which the postconviction ruling was made. *Hahn v. State*, 306 N.W.2d 764, 768 (Iowa 1981). This is the equivalent of de novo review. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980).

II. Blum concedes Judge Stigler complied with all formalities required by Iowa rules of criminal procedure 8(2)(b), (c) and (d) in taking his plea, but argues the plea was involuntary, and that it was thus unreasonable to refuse his request to withdraw it.

 The chief element of Blum's challenge assails Judge Stigler's time limitations on the plea discussions. During jury selection Judge Stigler indicated he would not accept a plea after the jury panel returned the follow-

ing day. Blum claims this forced him to plead involuntarily.[1] Blum relies on *State v. Harry*, 311 N.W.2d 108, 109 (Iowa 1981) (judge cannot protect interests of justice by putting untoward pressure to induce guilty plea). The present case is easily distinguished. Here the court merely set a time limit on a plea agreement. As the second postconviction court noted:

[Blum's] counsel did not feel he was under any compulsion to have defendant accept a plea bargain and indicated he was prepared and comfortable to proceed to trial. [Blum] had almost two years prior to trial in which to consider the alternatives available to him and discuss those alternatives with counsel.

We noted in *Harry:*

[I]t is necessary, in this day of case backlog and the severe demands on a judge's time, for a trial judge to carefully superintend the expeditious processing of the business of the courts. It is especially required that the time of litigants, jurors, and prospective jurors, be guarded and respected. Eleventh-hour settlements, those which come about while a jury panel is waiting, is a tradition which should be consigned to the past. The busy citizens who now come for jury duty will not and should not forgive the judiciary for any insensitivity toward the sacrifices they make in jury service.

*Harry,* 311 N.W.2d at 109.

We find no merit in Blum's contention that the time limit rendered his guilty plea involuntary.

 III. Blum's other bases for his involuntariness claim fail on the facts. He did not establish that a prospective juror intimated three times that he was guilty. He did not establish that stress and pressure from his long confinement in jail prevented him from entering a voluntary and intelligent plea. The facts are quite the converse. As to his confinement, he had a large cell to himself and was allowed visitors and freedom to consult with his lawyer.

---

1. We express no views on whether a trial court could properly reject a proffered plea bargain

after a deadline had passed.

**10**

Blum also failed to show that pain from an ankle injury detracted from his ability to contemplate his options. The ankle injury occurred after he entered his plea.

Finally he cannot complain that worry about the likelihood of a fair trial in Clayton County robbed him of a free choice regarding a plea. On his motion venue was in fact changed to another county, and was returned to Clayton County only at his request.

IV. Procedural protections of Iowa rules of criminal procedure 8(2)(b), (c) and (d) are rooted in the federal Constitution. *McCarthy v. United States,* 394 U.S. 459, 465–66, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418, 424–25 (1969). Those protections were put in place because the consequences of a guilty plea are considerable. Blum's plea obviated the necessity of a trial, and the prosecution dismissed its witnesses, and the jury panel was discharged. His plea should not be subject to withdrawal merely because he had a change of heart. The district court was correct in finding no abuse in the challenged ruling.

**AFFIRMED.**