**IN THE COURT OF APPEALS OF IOWA**

No. 15-0005
Filed November 12, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JAMES MICHAEL MURPHY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Decatur County, David L. Christensen, Judge.

James Murphy appeals his conviction following a guilty plea. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

We filed our original opinion on October 28, 2015. Murphy subsequently filed an application for rehearing, which we granted. This opinion replaces the opinion filed October 28, 2015. The only change from the prior opinion is the deletion of the following phrase: "a plea that took a possible life sentence off the table."

The State charged James Murphy with several crimes arising from the restraint and sexual abuse of a woman, including first-degree kidnapping, which carried a life sentence. In the first of two plea proceedings, Murphy pled guilty to possession of a firearm as a felon. In the second proceeding, he pled guilty to third-degree kidnapping, second-degree sexual abuse, and escape as a habitual offender.

Forty-one days after his second plea hearing, Murphy filed a motion to withdraw his guilty pleas. He asserted "his pleas were not made knowingly, voluntarily and intelligently due, in some part, to the medication he was being prescribed at the time of the pleas." Later, he limited his motion to the second plea proceeding.

The same judge who presided over the plea proceedings heard Murphy's motion. Murphy testified he wished to withdraw his second set of guilty pleas because the dosage of one of his medications was changed following the proceeding and, "after being medicated differently for a period of time," he "realized" he was not "in [his] right mind" the day he took the pleas. He stated he experienced a panic attack, which caused him to misapprehend "some parts" of

the proceedings. In particular, he believed he had a "grace period" of thirty days from the entry of the pleas within which to change his mind about the pleas.

The district court found Murphy's testimony "not credible," both as to his panic attack and his belief about his ability to withdraw his plea within thirty days. The court cited its own observations and the record, and noted, "the fact [Murphy] filed his motion 41 days after his guilty plea would seem to undercut his claims." The court concluded:

> The Defendant has not made a convincing or compelling case that the Court should exercise its discretion to allow the Defendant to withdraw his guilty pleas in this case. Defendant made an informed, voluntary, and intelligent choice to accept a favorable plea agreement to avoid a possible life sentence. Defendant's pleas made pursuant to the parties' plea agreement were knowingly and intelligently made and were supported by a factual basis. Defendant's recent change of heart or buyer's remorse is not a good reason for the court to exercise its discretion in this case.

On appeal, Murphy asserts the district court abused its discretion in denying his motion to withdraw his plea. *See State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997) (setting forth standard of review). We will affirm a district court's denial of permission to withdraw a guilty plea "where a defendant with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998) (internal quotation marks omitted).

The district court judge who considered Murphy's pleas heard him acknowledge he was taking medication and heard him state the medication helped him "function more normally." The judge found the pleas were entered knowingly and voluntarily. When Murphy later testified he did not understand

portions of the second plea proceeding, the same judge found that his testimony defied credibility. We defer to this credibility finding. *State v. Stufflebeam*, No. 03-1164, 2004 WL 434182, at *2 (Iowa Ct. App. Mar. 10, 2004).

The district court's adverse credibility finding was supported by Murphy's refusal to challenge his first plea. Murphy acknowledged he was "in the same condition" during his first plea proceeding as he was during the second, but stated there was no reason to challenge the first proceeding as involuntary because he was "guilty of that plea." In our view, had the change in Murphy's medication dosage truly affected his ability to comprehend the proceedings, Murphy would have challenged the first proceeding as well as the second.

Finally, the district court gave Murphy every opportunity to tell the court he did not understand the second proceeding. When asked why he did not notify the court of his claimed anxiety attack during the second proceeding, Murphy stated he "didn't feel it was rele[vant]." Given the court's inquiry concerning the effect of his medication on his ability to understand the proceeding, Murphy's assertion rings hollow.

We conclude the district court did not abuse its discretion in denying the motion to withdraw the second set of pleas.

In the alternative, Murphy argues, "to the extent [he] was required to provide expert testimony regarding the effects of [the] disorder and his medications on his ability to understand the plea proceedings . . . trial counsel [was] ineffective for not presenting such testimony." *See Castro v. State*, 795 N.W.2d 789, 795-96 (Iowa 2011) (stating expert medical evidence of effect of medication was necessary); *see also Meeker v. State*, No. 12-2292, 2014 WL

955988, at *4 (Iowa Ct. App. Mar. 12, 2014); *Brown v. State*, No. 12-1986, 2014 WL 636058, at *3 (Iowa Ct. App. Feb. 19, 2014). "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal," preferring to reserve the issues "for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). Because the record is inadequate to resolve this ineffective-assistance-of-counsel claim, we preserve it for postconviction-relief proceedings.

**AFFIRMED.**