# IN THE COURT OF APPEALS OF IOWA

No. 15-0478
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON JAY BRINGUS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Webster County, Michael J. Moon,

Judge.

A defendant challenges his guilty plea on the basis of voluntariness.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Defendant Jason Bringus appeals the district court order denying his motion in arrest of judgment following a guilty plea. He has not shown the district court abused its discretion in denying the motion in arrest of judgment. We affirm.

## I. Background Facts and Proceedings

Bringus was charged with attempted murder, robbery in the first degree, assault while participating in a felony, going armed with intent, and carrying weapons. Following two plea hearings at which Bringus decided not to enter his plea, a third plea hearing was scheduled for February 23, 2015.

At that hearing, pursuant to a plea agreement, Bringus entered guilty pleas to attempted murder and second-degree robbery. The court, as part of the plea colloquy, engaged in the following exchange with Bringus:

> THE COURT: All right. Is it your own decision to plead guilty to these two counts?
> DEFENDANT: Yes.
> THE COURT: Is this a voluntary decision on your part?
> DEFENDANT: Yes.
> THE COURT: Are you pleading guilty as a favor to anyone?
> DEFENDANT: No.
> THE COURT: Other than the plea agreement, have there been any promises or guarantees of favorable treatment from anyone to get you to plead?
> DEFENDANT: No.
> THE COURT: Have there been any threats of harm to you, members of your family or any of your friends to get you to plead guilty?
> DEFENDANT: No.
> THE COURT: Have there been any unreasonable forces or pressures applied to you to induce your plea?
> DEFENDANT: No.
> ….
> THE COURT: Do you believe that you're thinking clearly today?

DEFENDANT: Yes.

The court accepted the guilty pleas, finding that they were entered voluntarily. Before sentencing, Bringus filed a motion in arrest of judgment, in which he contended that he only pled guilty because of a desire to be sentenced and taken to the intake center of the Iowa Department of Corrections (Oakdale) for treatment of constant pain caused by a hernia. He alleges he was in so much pain during the plea hearing he could not think clearly, and therefore his plea was involuntary.

At the hearing on the motion, Bringus testified the hernia began growing while he was held in jail pending trial. He stated he had no access to pain medication because the jail refused to transport him to an appointment with his doctor. He was seen by two nurses in jail who recommended surgery, but otherwise, he contends he received no treatment. He said he hoped to plead guilty, have surgery, and then challenge the plea.

The district court denied the motion in arrest of judgment. Bringus was sentenced. He now appeals.

## II. Standard of Review

We review a district court's denial of a motion in arrest of judgment for an abuse of discretion and will reverse only if the ruling was based on reasons that are clearly unreasonable or untenable. *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002).

## III. Voluntariness

An involuntary plea is one basis for the granting of a motion in arrest of judgment. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998). The inquiry

to be made is "whether in the circumstances of this case the inducement for the guilty plea was one which necessarily overcame [the defendant's] ability to make a voluntary decision." *State v. Whitehead*, 163 N.W.2d 899, 903 (Iowa 1969).

The record at a plea hearing presumptively reflects the facts. *State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007). Where a defendant challenges the voluntariness of a plea, but had asserted the plea was voluntary at the plea hearing, the defendant must overcome that presumption. *Id.*

It is not enough for Bringus to establish that he was ill or under stress; he must establish that his plea was unknowing or involuntary. *See Myers*, 653 N.W.2d at 581 (holding district court did not abuse its discretion in denying motion in arrest of judgment where defendant claimed diminished capacity due to depression but record demonstrated defendant understood plea proceedings); *Speed*, 573 N.W.2d at 597-98 (holding district court did not err in denying motion in arrest of judgment where defendant claimed he felt pressured to plead guilty); *State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997) (declining to find alleged stress and pressure from defendant's long confinement in jail prevented his entering a voluntary and intelligent plea). Physical injury that does not result in diminished mental capacity does not necessarily result in an unknowing or involuntary plea. *Trobaugh v. State*, No. 09-0350, 2010 WL 1875723, at *2 (Iowa Ct. App. May 12, 2010) (concluding defendant did not show by a preponderance of the evidence that his head injury impaired his ability to comprehend the charges or the consequences of a guilty plea).

There is nothing in the record to support Bringus's claim that he was of unsound mind or that his plea was otherwise not knowing or voluntary. During

the colloquy, Bringus was lucid and answered the court's questions appropriately. He acknowledged during the colloquy he understood his rights, was waiving his rights, and wanted to plead guilty. The record made at the plea hearing was adequate to establish a knowing and voluntary plea. The court had the opportunity to observe Bringus at the plea hearing and at the hearing on the motion in arrest of judgment and to determine if Bringus appeared to be of unsound mind.[1] It declined to do so. We do not find the court abused its discretion.

**AFFIRMED.**

---

[1] The record shows that the same judge that presided over the plea also heard and ruled on Bringus's motion in arrest of judgment.