# IN THE COURT OF APPEALS OF IOWA

No. 17-0118
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY HARRIS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Defendant challenges his convictions for possession of methamphetamine with intent to deliver and delivery of a controlled substance. **AFFIRMED.**

Gary D. Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., McDonald, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MCDONALD, Judge.**

Anthony Harris appeals his convictions for one count of possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(6) (2016), and two counts of delivery of a controlled substance, methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6). He contends the district court erred in receiving implied hearsay or indirect hearsay testimony, and he contends the evidence was insufficient to establish he possessed methamphetamine.

Harris has not preserved for appellate review his challenge to the implied hearsay or indirect hearsay evidence. Two police officers observed Harris make two hand-to-hand drug transactions through the passenger's side window of a parked vehicle. The officers stopped the persons who engaged in the transactions and found them to be in possession of methamphetamine. The stopped persons did not testify at trial. However, the officers testified the stopped persons confirmed the officers' observations that Harris engaged in hand-to-hand drug transactions through the window of the vehicle. Harris contends the officers' testimony that the stopped persons confirmed the officers' observations was impermissible implied hearsay or impermissible indirect hearsay. But trial counsel did not object to the challenged testimony. Instead, trial counsel made a single objection when it appeared one officer was beginning to testify regarding what one of the stopped persons specifically said to the officer. This single objection is not sufficient to preserve error with respect to all of the challenged evidence. *See State v. Schaer*, 757 N.W.2d 630, 635 (Iowa 2008) (addressing error preservation on hearsay); *State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982) ("Objections to evidence must be

sufficiently specific to inform the trial court of the basis for objecting. This one failed to meet this standard. The trial court ruled on the objection as it was made. Nothing more was required of him."). In a footnote, Harris contends the issue can be addressed as a claim of ineffective assistance of counsel. However, Harris does not even allege he suffered constitutional prejudice. A litigant's "random mention of [an] issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration." *Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994). We decline to construct Harris's ineffective-assistance claim for him. We thus conclude error was not preserved on the challenge to the implied hearsay testimony, and we deny Harris's claim of ineffective assistance of counsel related to the same.

Harris argues the evidence is insufficient to establish he possessed methamphetamine. Specifically, there is no evidence he owned the drugs and mere proximity to the drugs is insufficient to show possession. We will uphold the jury's verdict if substantial record evidence supports it. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 75–76. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State but consider all evidence in the record. *See id* at 76. "The State must prove every fact necessary to constitute the crime with which the defendant is charged. The evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *Id.* (internal citations omitted). "Inherent in our standard of review of jury verdicts in criminal cases is

the recognition that the jury [is] free to reject certain evidence and credit other evidence." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

To establish possession with intent to deliver, the State was required to prove:

1. On or about July 29, 2016, the defendant, or someone he aided and abetted, knowingly possessed methamphetamine.
2. The defendant, or someone he aided and abetted, knew that the substance possessed was methamphetamine.
3. The defendant, or someone he aided and abetted, possessed the substance with specific intent to deliver it.

The district court submitted the following instruction defining possession:

A person who has direct physical control over a thing on his person is in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing.

The evidence, in the light most favorable to the verdict, established Harris had direct physical control over methamphetamine. On the day in question, two narcotics officers were conducting surveillance in an area known for drug trafficking. Using binoculars, the officers observed two males in a parked vehicle. One officer testified with the use of his binoculars he could see everything "perfectly." The officers observed the person on the passenger side of the vehicle conduct two separate hand-to-hand transactions with persons who approached the passenger side of the parked vehicle. One officer testified Harris was "the occupant of the vehicle that appeared to participate in the two hand-to-hand transactions." The other officer testified that he did not see the driver hand

anything to either purchaser. Both of the individuals that approached the vehicle and engaged in the transactions were stopped shortly after and were found to be in possession of methamphetamine. When police eventually intervened, they recovered methamphetamine from the driver of the vehicle. They did not find methamphetamine on Harris's person. Both officers testified it is common for dealers to work in teams, with one person holding the drugs and the other person conducting transactions. Harris admitted he possessed and delivered the methamphetamine. Harris told one of the officers "he was not the owner of the drugs, that he was just doing it to help a friend." Harris also stated that although he did not sell the drugs to the second person who came to the vehicle window, "he had given her the drugs due to the fact that they had previously had an intimate relationship." Harris's statement that he had the drugs and gave them to another person is sufficient to support the jury's verdict.

In light of the foregoing, the judgment of the district court is affirmed in all respects.

**AFFIRMED.**