STATE of Iowa, Plaintiff-Appellee,

v.

Eddie Glynn CHAMBERS,
Defendant-Appellant.

No. 84–284.

Court of Appeals of Iowa.

April 30, 1985.

Charles Harrington, Appellate Defender and Fern S. Shupeck, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Mary Jane Blink, Asst. Co. Atty., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and SACKETT, JJ.

SACKETT, Judge.

Defendant and Diane Jones were charged with robbery in the second degree; Jones was also charged with assault. Gilberta Leavell testified these two approached her on the street. While Jones held her, defendant took money from her purse. Defendant and Jones were tried in separate proceedings. At his trial defendant testified there was no robbery, only a fight between the two women, which he attempted to break up. The two women knew each other and had previously been involved in altercations. Defendant also sought to introduce evidence that the victim had filed two or three other robbery or theft charges against other persons in the past year. The trial court refused to allow admission, and defendant was subsequently found guilty as charged. Defendant contends the failure of the trial court to admit testimony of prior charges made by Leavell was error because it unduly limited defendant's ability to impeach her testimony.

■ The Sixth Amendment right of an accused to confront a witness against him includes the right of cross-examination. *State v. Carney*, 236 N.W.2d 44, 46 (Iowa 1975). A reasonable latitude must be allowed the cross-examiner, but the final determination of the scope of interrogation rests in the discretion of the trial court. *Id.*

■ To warrant reversible error, defendant must make a clear showing that (1) the trial court abused its discretion, and (2) the abuse resulted in prejudice to him. *Farley v. Glanton*, 280 N.W.2d 411, 415 (Iowa 1979).

Whenever a witness testifies, his or her credibility is brought into issue. Permissible cross-examination allows questions to test that credibility. Iowa R.Evid. 607; *State v. Allnutt*, 261 Iowa 897, 156 N.W.2d 266, 273 (1968). The use of specific instances of the conduct of a witness is allowed under the following conditions:

> Specific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Iowa Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) *concerning his character for truthfulness or untruthfulness,* or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. (emphasis added).

Iowa R.Evid. 608(b).

■ Defendant attempted to question the witness concerning two or three charges of theft or robbery filed by her within the last year. Defendant contends that the questions were acceptable to attack the witness' credibility and should have been allowed. The State argues that exclusion was proper since the prior charges did not involve this defendant and that the evidence would needlessly degrade the witness.

No clear rule emerges from our decisions (nor from decisions of other jurisdictions) to help find the dim line where evidence which in an important and material way bears directly on the veracity of the witness fades into that evidence which has little bearing on that factor but excites prejudice against the witness and needlessly besmirches and degrades him.

*State v. Crawford*, 202 N.W.2d 99, 103 (Iowa 1972). An analysis of the relevant facts of each case is necessary to draw this line.

The facts here indicate that the witness knew Diane Jones, the woman charged in this incident along with defendant. Jones and the witness had previously been involved in a fight and on-going dispute, and one of the other complaints appears to have been made against Jones. None of the prior charges resulted in action by the county attorney. Most important is the fact that witness Leavell's testimony seems to be uncorroborated by other evidence.

■ While the credibility of a witness is always important, it is particularly so when the witness' testimony is uncorroborated. Leavell's credibility was challenged by defendant's alibi and her prior disputes with Jones. In instances where the witness' credibility is so important and seriously challenged, the jury should know all facts which may reflect on that credibility. While being a habitual victim doesn't necessarily reflect on that witness' credibility, the jury is entitled to know that fact and to assess it in relation to other evidence presented.

■ Prior charges filed by the witness are probative of her truthfulness or untruthfulness. They were filed within the past year, and as such are more indicative of the witness' present credibility than more remote events might be. The supreme court has determined that the scope of cross-examination should be liberally construed on behalf of a defendant charged with a serious offense. *Carney*, 236 N.W.2d at 46. We see no reason to apply a

different standard in this instance where defendant's liberty and reputation are in jeopardy.

The *Crawford* opinion warns us against witness prejudice. However, in this situation we fail to see how the witness can be prejudiced, needlessly besmirched, or degraded by allowing the jury to consider that she had filed several robbery or theft charges within the last year. Defendant, on the other hand, was seriously impeded in his attempt to discredit this witness' testimony, which was the only evidence against him.

The State argues that these prior charges were unrelated to this offense and defendant. We disagree. While defendant was not involved, the offenses were the same type of crime as defendant was charged with.

■ Finally, the State contends that even if the excluded evidence is relevant to credibility, the evidence must undergo a "probative value over prejudicial effect" analysis. Because defense counsel tried other avenues of impeachment, the jury had an adequate opportunity to assess credibility and the probative value of other filed charges is thus clearly outweighed by prejudice. The State's reliance on *State v. Johnson*, 215 Iowa 483, 485–86, 245 N.W. 728, 730 (1932) is misplaced. In *Johnson*, the witness admitted prior felonies and the trial court would not allow subsequent questions on the burglaries and larcenies. The appellate court found exclusion of questions relating to credibility was not reversible error where the witness had already been impeached. In this case the witness had not been impeached by other questioning. Defense counsel's questions concerning the witness' prior inconsistent statements, the witness' application for victim reparation, and the witness' animosity toward defendant and Jones do not have the impeachment qualities of a prior felony conviction as in *Johnson*. The probative value of letting the jury consider Leavell

had filed at least three theft or robbery charges in the past year is clearly evident to this court.

■ We find that the trial court abused its discretion by excluding essential matters of defense for the accused. We then must determine whether this abuse of discretion resulted in unfair prejudice to defendant.

■ *State v. Clark*, 325 N.W.2d 381, 383 (Iowa 1982), held that even if the trial court ruled incorrectly on excluding credibility questions, the ruling was not reversible error where the case is not close on the facts. We extend this rationale and hold that where a case is close on the facts, failure to allow questions relating to the witness' credibility must be presumed prejudicial[1] and warrant reversal. The facts of this case are very "close" where Leavell's testimony is essentially the only evidence against defendant. To deny defendant his right to attack Leavell's credibility severely prejudiced defendant and denied him a fair trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

---

1. We also note that when Diane Jones was tried for the same robbery offense and evidence of the other charges was admitted, the jury acquitted Jones of robbery and found her guilty only of assault.