STATE of Iowa, Appellee,

v.

Larhonda Darlene MARTIN, Appellant.

No. 85–557.

Supreme Court of Iowa.

April 16, 1986.

Rehearing Denied May 21, 1986.

---

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., Denver D. Dillard, Co. Atty., and Mona Knoll, Asst. Co. Atty., for appellee.

REYNOLDSON, Chief Justice.

A jury found defendant Larhonda Darlene Martin guilty of second-degree robbery, and judgment was entered sentencing her to imprisonment not to exceed ten years. Defendant appeals, asserting trial court erroneously prohibited her from attempting to impeach the victim by cross-examining the latter concerning her history of filing assault reports and charges. We affirm.

From the evidence adduced at trial, the jury could have found the following facts.

The robbery victim, Cynthia Hernden, is a thirty-three-year-old resident of Cedar Rapids. Although classified as legally blind, she has limited vision. On the evening of December 13, 1984, Hernden went to Lulu's Lounge to see her boyfriend. Defendant and a companion, Georgia Mae Browning[1] engaged Hernden in conversation. During that time Hernden took a coin purse from her pocket, containing approximately fifty-five dollars, and purchased drinks for her boyfriend and others. Defendant and Browning then asked Hernden for a loan. She refused, and also declined their offer to sell some clothes or jewelry.

Later, defendant and Browning asked Hernden to go outside with them to discuss the problems of Hernden's daughter. Proceeding out the front door of the bar, the three women turned toward the parking lot located at the side of the building. Browning then grabbed Hernden, pinning her arms against the building, and defendant took the coin purse from Hernden's pocket. The latter screamed and attempted to defend herself with her legs.

In planning this robbery, defendant and Browning arranged for a ride from Henry Randle. Randle, unaware of the planned robbery, had moved his car to a place in front of Lulu's Lounge while waiting for the two women. He saw the women come out of the bar with Hernden and, by moving his car forward to view the parking lot, he saw the robbery. When defendant and Browning ran to his car after robbing Hernden, Randle refused to give them a ride. Hernden approached screaming and the two women fled to another car.

Randle took Hernden home, where she telephoned the police. The police came and told her she would have to go to the police station to file a report. After Hernden made several calls to Randle over a period of days, they went to the police station

---

1. Browning was charged jointly with this defendant, but the court later ordered separate trials.

where she and Randle both filed reports detailing the above events.[2]

Before trial, the State made a motion in limine, seeking to prohibit defendant from attempting to impeach Hernden by questioning her about other assault claims or reports she had filed with the police. The State contended the evidence was not probative and highly prejudicial to the witness. Defendant resisted the motion by asserting she should be able to cross-examine Hernden on this subject because the evidence demonstrated a pertinent trait of the victim or the victim's motive for filing the charge against defendant, citing Iowa Rule of Evidence 404(a)(2)(A).[3] Defendant argued she wanted to use this line of questioning to impeach Hernden. Trial court, after noting that none of the prior assault reports were against defendant or Browning, sustained the motion. The court also questioned defendant's reliance on rule 404(a)(2)(A). It is this ruling that constitutes defendant's sole ground for appeal. She here argues this cross-examination should have been permitted under Iowa Rule of Evidence 608(b).[4]

## I. *Preservation of error.*

■ The State argues that in trial court defendant asserted only Iowa Rule of Evidence 404(a)(2)(A) in resisting the motion in limine, and cannot rely on the rule 608(b) ground here.

On appeal, a party may not assert a new ground to challenge trial court's ruling. *State v. LeCompte,* 327 N.W.2d 221, 223 (Iowa 1982); *State v. Taylor,* 310 N.W.2d 174, 177 (Iowa 1981). In fairness, we will not review a ruling on objections or grounds for reversal the trial court never had the opportunity to consider. *See Nepple v. Weifenbach,* 274 N.W.2d 728, 732 (Iowa 1979); *State v. Hinsey,* 200 N.W.2d 810, 816 (Iowa 1972). Consequently, we have held a defendant "cannot announce at trial the specific reason for his cross-examination and then rely upon an entirely different one to upset an adverse ruling." *Hinsey,* 200 N.W.2d at 816.

---

2. Defendant presented evidence that she was under the influence of drugs and alcohol, and could not have formed the specific intent required for robbery. Randle and Hernden both testified defendant did not appear to be intoxicated. Defendant also testified that while she was outside Lulu's Lounge smoking marijuana, Browning and Hernden came out:

> Well, I came outside and I was out on the side in the back smoking and I had seen Georgia and Cindy talking. Georgia grabbed Cindy around her arms and I had came over there to see what they was doing and Georgia said she was going to take her money because she said her nephew had told her that she had some money and she asked me did I want to help her but I didn't do nothing, I didn't touch her.

Defendant further testified that Browning asked Randle for a ride, and she went with Browning to get a ride after the robbery incident. Randle refused, according to defendant, after Hernden told him that she had been robbed by defendant and Browning.

3. The pertinent portion of Iowa Rule of Evidence 404 provides:

> (a) *Character evidence generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> . . . .

---

(2) *Character of victim.*

(A) In criminal cases. Subject to rule 412, Iowa Rules of Evidence, evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in any case where the victim is unavailable to testify due to death or physical or mental incapacity to rebut evidence that the victim was the first aggressor.

4. Iowa Rule of Evidence 608(b) provides:

> (b) *Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Iowa R.Evid. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
>
> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

552

It is true that at trial defendant did not expressly indicate she was relying on rule 608(b). Her specific reference was only to rule 404(a)(2)(A). Nevertheless, defendant did state she would be inquiring about the prior assault charges "to impeach and explore the credibility of [Hernden] as far as her motive for filing the charges she filed." Moreover, the court demonstrated it was aware of defendant's purpose when it observed that the issue was the "attempted impeachment of the person who is named as the complaining witness and as I understand the Defendant wants to or intends to offer or at least cross-examine concerning the making of other assault reports."

Defendant further contends trial court was made aware of the applicability of rule 608(b) by the State's argument on its motion in limine. The State did refer to rule 608 and argued it was inapplicable, the prosecutor remarking that "[u]nder 608 in the Rules of Evidence which is impeachment the only basis upon which to cross-examine someone for impeachment is ... in attacking truthfulness. That's not what's at issue here."

In these circumstances, we hold that both counsel and the court were aware of the ground defendant now urges for reversal. The issue was preserved for our review.

II. *The impeachment issue.*

A defendant's right to cross-examine a witness is a primary interest secured by the confrontation clause of the sixth amendment, *State v. Durrell,* 300 N.W.2d 134, 137 (Iowa 1981), made applicable to the states by the fourteenth amendment. *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 926 (1965). A party is given "reasonable latitude" in cross-examination, *Durrell,* 300 N.W.2d at 137, particularly when a defendant, charged with a grave offense, cross-examines the State's witness. *State v. Carney,* 236 N.W.2d 44, 46 (Iowa 1975). Trial court, however, still determines the scope of cross-examination, exercising its sound discretion. *Durrell,* 300 N.W.2d at 134.

When witnesses testify, they place their credibility in issue. *State v. O'Connell,* 275 N.W.2d 197, 203 (Iowa 1979). An opposing party can question this credibility by attempting to impeach a witness through proper cross-examination. *State v. Droste,* 232 N.W.2d 483, 489 (Iowa 1975). Here defendant sought to impeach Hernden during cross-examination by asking her about prior assault charges she filed that allegedly were not prosecuted. Defendant's offer of proof reflected that within the two months prior to the taking of Hernden's deposition, Hernden filed an assault charge against her daughter after an apparently violent domestic dispute. The status of that charge is unclear from the record. Hernden also stated she had filed several assault charges against her ex-boyfriend, and that as a result of such a charge he is now in prison. It appears those charges may have been filed some time ago.

■ Although ordinarily inquiry into specific instances of conduct is not allowed, Iowa Rule of Evidence 608(b) permits such inquiry "in the discretion of the court" if probative of the witness's truthfulness or untruthfulness. The court's ruling, of course, will be disturbed only when its discretion has been obviously abused. *State v. Clark,* 325 N.W.2d 381, 383 (Iowa 1982). An abuse is found only when the court exercises its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Rowen v. LeMars Mutual Insurance Co.,* 357 N.W.2d 579, 583 (Iowa 1984).

■ Defendant relies on *State v. Chambers,* 370 N.W.2d 600 (Iowa Ct.App.1985), an Iowa Court of Appeals decision filed after the trial in this case. In *Chambers* the defendant and Diane Jones were tried separately for second-degree robbery. Defendant contended there was no robbery; he merely attempted to stop a fight between Jones and the victim, another woman. During cross-examination of the victim, defendant attempted to impeach her with questions about several theft or rob-

bery charges the victim filed in the year before trial. *Id.* at 601–02.

The court of appeals reversed defendant's conviction in *Chambers,* holding trial court abused its discretion in sustaining the State's objections to this cross-examination. The opinion noted the victim knew Jones, they had been in a previous fight, and one of the prior complaints had been against Jones. None of the former charges had resulted in action by the county attorney. The victim's testimony had been uncorroborated by other evidence, and the defendant asserted an alibi that controverted the underlying events.

Without attempting to review the *Chambers* decision, we first note the facts before us distinguish it from that case. Randle's testimony corroborated the testimony of this defendant. The victim had no on-going relationship with the robbers; they hardly were acquaintances. The prior charges filed by Hernden were against persons unrelated to this case, none were robberies, and all were associated with domestic disturbances. This defendant asserted no alibi. She placed herself at the scene and confirmed there was a robbery.

Moreover, the evidence here leads to the ready inference that Hernden was a target for abusive treatment. She was not only blind (at least in a legal sense), she was of minimal intelligence and received three types of assistance checks. She obviously encountered unsavory people, just as she did in this tavern. There is no indication in this record the prior charges she filed were unfounded, and consequently no inference that cross-examination about those charges would bear on her truthfulness or untruthfulness.

Trial court in this case found defendant's proposed inquiry into prior charges filed by Hernden had minimal probative value and was highly prejudicial. *See Raysor v. Port Authority,* 768 F.2d 34, 40 (2d Cir.1985) ("Raysor's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant."); *Cammarata v. Payton,* 316 S.W.2d 474, 477 (Mo.1958) ("[T]he fact that she may have been [an] habitual litigant does not necessarily reflect on her credibility and neither may an unfavorable inference be drawn from her assertion of legal rights."); Iowa R.Evid. 403, 608(b). We have stated that our rule 608(b) follows Federal Rule of Evidence 608(b). *Clark,* 325 N.W.2d at 383. Thus, the note accompanying the federal rule is instructive.

> Effective cross-examination demands that some allowance be made for going into matters of this kind, but the *possibilities of abuse are substantial.* Consequently, safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite.... Also, *the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice,* confusion of issues, or misleading the jury....

Fed.R.Evid. 608(b) advisory committee note (emphasis added).

Under the facts of this case, we hold trial court did not obviously abuse its discretion. The judgment of the district court is affirmed.

AFFIRMED.