STATE of Iowa, Appellant,

v.

Edward Dale WEBB, Jr., Appellee.

No. 92–243.

Court of Appeals of Iowa.

Oct. 27, 1992.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., and Michael A. Riepe, County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellee.

Heard by DONIELSON, P.J., SACKETT, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

This case involves an issue of first impression interpreting Iowa Code section 321J.21 (1991). The issue under consideration is whether the failure to pay the $100 civil penalty imposed by section 321J.17

---

* Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

continues a period of motor vehicle license revocation past the 180 day period imposed by section 321J.12.

The parties have stipulated to the facts in this case. On October 15, 1986, defendant Edward Dale Webb, Jr. received notice from the Iowa Department of Transportation that his driver's license was being revoked for 180 days pursuant to sections 321J.12 (test result revocation) and 321A.17 (proof of motor vehicle financial responsibility). The notice also provided:

> WARNING: You are not entitled to operate and register any motor vehicle in this state until you have met the necessary requirements and received an official notice from this department terminating this action.

Webb admits that he never paid the $100 civil penalty imposed by section 321J.17. At no time did he apply for reinstatement of his driver's license.

On September 14, 1991, Webb was arrested in Henry County, Iowa, on suspicion of driving while intoxicated. Police officers discovered he did not have a valid driver's license. Webb was subsequently charged with operating while under the influence of alcohol, second offense, in violation of section 321J.2, and driving a motor vehicle while license denied or revoked, in violation of section 321J.21.

Webb filed a motion to dismiss the charge of driving while license denied or revoked. He claimed that his driver's license was no longer revoked after the 180 day period imposed by section 321J.12 was ended. Webb argued that instead of being charged with a violation of section 321J.21, which is a serious misdemeanor, he should have been charged with the lesser included offense of operating a motor vehicle without a valid license in violation of section 321.174, which is a simple misdemeanor.

The State filed a resistance in which it argued that because section 321J.17 mandates that the department may not reinstate a motor vehicle license until the $100 civil penalty is paid, Webb's driver's license remained revoked until the penalty was paid. In the alternative, the State sought to convict Webb of driving without a valid license in violation of section 321.174.

The district associate court concluded that rather than operating as a ground for extending the time period of a revocation pursuant to section 321J.12, the civil fee provisions of section 321J.17 are more properly viewed as a condition precedent for the issuance of a valid operating license. The court stated, "The mere nonpayment of a civil penalty fee cannot, should not, and does not have the effect of extending the length of suspension for test result revocations." The court determined that the proper charge against Webb should be a violation of section 321.174. The court then dismissed the charge of violating section 321J.21.

■ Our scope of review in this case is for the correction of errors at law. Iowa R.App.P. 4. Where the issue on appeal is not one of fact, but rather one of statutory interpretation and application, we are not bound by trial court's determinations of law. *State v. Davis*, 271 N.W.2d 693, 695 (Iowa 1978).

On appeal, the State contends that the revocation of Webb's driver's license continued until he paid the $100 civil penalty pursuant to section 321J.17. Webb responds that the State did not adequately preserve this issue for our review.

■ On appeal, a party may not assert a new ground to challenge trial court's ruling. *State v. Martin*, 385 N.W.2d 549, 551 (Iowa 1986). In fairness, we will not review a ruling on objections or grounds for reversal the trial court never had the opportunity to consider. *Id.* However, where both counsel and the court were aware of the ground now urged for reversal, the issue was preserved for review. *Id.* at 552.

■ We find the State adequately preserved this issue for review. In its resistance the State raised the question of whether defendant's driver's license continued to be revoked due to his failure to pay the $100 civil penalty. Furthermore, the trial court's ruling specifically addressed

this issue. We therefore turn to the merits of the State's argument.

The State argues that the trial court erroneously applied the standards of statutory construction to define the term "revoked." The State contends that because once revoked, a motor vehicle license may not be reinstated under section 321J.17 until the $100 civil penalty has been paid, the license remains "revoked" for purposes of applying section 321J.21.

Section 321J.17 provides:

When the department revokes a person's motor vehicle license or nonresident operating privilege under this chapter, the department shall assess the person a civil penalty of one hundred dollars.... A temporary restricted license shall not be issued or a motor vehicle license or nonresident operating privilege reinstated until the civil penalty has been paid.

Section 321J.21 provides:

A person whose motor vehicle license or nonresident operating privilege has been denied or revoked as provided in this chapter and who drives a motor vehicle upon the highways of this state while the license or privilege is denied or revoked commits a serious misdemeanor.

■ In construing a statute we try to find and give effect to legislative intent. *State v. Green,* 470 N.W.2d 15, 18 (Iowa 1991). We do not resort to rules of statutory construction when the terms of the statute are unambiguous. *Id.* Ambiguity exists if reasonable minds may differ or be uncertain as to the meaning of the statute. *Id.* We determine the statutes in question here are ambiguous, and therefore we will apply rules of statutory construction.

■ When construing a statute, we must look to the object to be accomplished, the evils sought to be remedied, or the purpose to be served, and place on it a reasonable construction which will best effectuate the statute's purpose rather than defeat it. *State v. Foster,* 356 N.W.2d 548, 550 (Iowa 1984).

■ We conclude the trial court correctly interpreted sections 321J.17 and 321J.21. Section 321J.17 does not specifically pro-vide that a revocation of a person's driver's license continues until the $100 penalty has been paid. Instead, section 321J.17 provides that a driver's license will not be "reinstated" until the penalty is paid. We note that in section 321A.17(2) the legislature specifically provided that a license revocation shall remain in effect until proof of financial responsibility is shown. If the legislature had intended to continue the revocation of a person's driver's license until the $100 penalty had been paid, the legislature could have used the same language in section 321J.17 as that used in section 321A.17(2).

Furthermore, we believe section 321A.17(2), which does provide for continued revocation, has a different purpose than section 321J.17. The money collected pursuant to section 321J.17 is placed in a separate fund to benefit the Crime Victim Reparation Program, to help defray the costs of medical examinations in crimes of sexual abuse, and to operate a missing person clearinghouse and domestic abuse registry. These are all worthy causes. However, a person's failure to pay the $100 civil penalty does not create an immediate risk of harm to other members of society.

■ Therefore, we conclude the proper penalty for persons who continue to drive a motor vehicle without paying the $100 penalty required by section 321J.17 for reinstatement of their driver's license is that provided by section 321.174, which makes it a simple misdemeanor for a person to operate a motor vehicle upon a state highway unless the person has a valid motor vehicle license.

After considering all of the arguments of both parties, we affirm the decision of the district associate court dismissing the charge against defendant for driving while under suspension or revocation, in violation of Iowa Code section 321J.21.

AFFIRMED.