STATE of Iowa, Appellee,

v.

Joseph HOWARD, Appellant.

No. 92–445.

Supreme Court of Iowa.

Dec. 22, 1993.

Linda Del Gallo, State Appellate Defender and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Linda A. Hall, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Defendant Joseph Howard appeals his conviction of first-degree theft. Howard asserts that the district court erred in (1) denying his motion to suppress evidence he contends was the fruit of an illegal search, and (2) admitting into evidence a written statement from a burglar of the goods Howard possessed.

The court of appeals affirmed Howard's conviction. Upon further review, we affirm the court of appeals decision and the district court judgment.

I. *Background facts and proceedings.* In November 1991 the State charged Joseph Howard with possessing items stolen by three other individuals from three separate victims. The events leading to his arrest began earlier that summer when the Waterloo police received information that defendant had been storing at his apartment stolen property from a local business, school, and home and that he had been selling the items on the street.

After learning this information, deputy sheriff Russell Reicherts arranged a meeting with defendant Howard at which Reicherts told Howard that the police suspected him of

possessing stolen property. Howard had served as an informant for Reicherts before; apparently, Reicherts told Howard that he was only interested in retrieving the property and that if Howard turned it over to the authorities, he would not be prosecuted. Defendant Howard admitted to Reicherts that he had some of the property and, upon Reicherts' direction, took Reicherts to an apartment where he often stayed with his girlfriend, Stephanie Baxter.

Upon arriving at the apartment, defendant's girlfriend Stephanie Baxter, and two juveniles, Aaron Burch and Jamie Payne, were present. Deputy Reicherts immediately identified himself to the others, but apparently Howard and Reicherts explained that no one was in trouble and that the officer intended only to recover the stolen property. Howard then pointed out to Reicherts several of the stolen items throughout the house.

After observing the stolen items, Reicherts called two other officers to secure the apartment while he obtained a search warrant. The deputy returned several hours later with a search warrant and asked defendant Howard and Stephanie Baxter to sign a consent-to-search form. Both defendant and Baxter complied.

The officers then searched the apartment and seized a computer, a printer, VCR, television, video camera, and two computer keyboards—all of which were identified as stolen.

The officers subsequently obtained statements from Aaron Burch and Jamie Payne. Based on the information in Payne's statement, the officers later returned to the residence and seized a stolen stereo in the living room of the apartment.

Prior to the trial, defendant Howard filed a motion to suppress the information he had given deputy Reicherts because Reicherts had elicited the statements on promises of leniency. The district court, after a hearing, agreed with Howard and suppressed his statements to deputy Reicherts.

Defendant Howard then filed a second motion to suppress in which he argued that the search warrant Reicherts obtained and the property he seized as a result of the second search were the fruit of the statements suppressed in the first motion. Howard also filed a motion to dismiss arguing that without the suppressed statements, insufficient evidence remained to support a conviction. The court overruled these motions.

After a jury trial, defendant was convicted and sentenced for the crime of first-degree theft in violation of Iowa Code sections 714.-1(4) and 714.2(1) (1991).

Defendant appealed.

Howard contends on appeal that the trial court erred in denying his second motion to suppress. He contends the items Reicherts seized during the execution of the search warrant were the fruits of an earlier, unlawful warrantless search that was based on the suppressed statements. Defendant Howard finally contends that the trial court erred in admitting exhibit G, a written statement of Aaron Burch, one of the burglars, taken by deputy Reicherts and introduced into evidence by the State at trial.

II. *Motion to suppress.* Howard contends the trial court erred in denying his motion to suppress the evidence that the police officers seized when deputy Reicherts returned to Howard's apartment after obtaining a search warrant.

■ The fourth amendment of the federal constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV; *see also* Iowa Const. art. I, § 8. The constitutional guarantees recognized by the fourth amendment have been extended to the States by the fourteenth amendment of the federal constitution. *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090 (1961).

■ Warrantless searches and seizures are per se unreasonable unless the State proves by a preponderance of the evidence that a recognized exception to the warrant requirement applies. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967); *State v. Vincik,* 436 N.W.2d 350, 353 (Iowa 1989); *State v. Folkens,* 281 N.W.2d 1, 3 (Iowa 1979). The exceptions include searches based on consent, plain view, exigent circumstances, and

searches incident to arrest. *State v. Lamp*, 322 N.W.2d 48, 53 (Iowa 1982).

In the present case, the initial search of the defendant's apartment constituted an illegal warrantless search. The trial court found that deputy Reicherts made promises of leniency to defendant Howard. These promises rendered involuntary defendant Howard's statements concerning the stolen items inside his residence. *See State v. Hilpipre*, 242 N.W.2d 306, 311–12 (Iowa 1976); *State v. Ware*, 205 N.W.2d 700, 703 (Iowa 1973).

The questions involved in this appeal, however, involve deputy Reicherts' second entrance into the apartment, which occurred only after he had secured the residence by calling two other officers on the scene and after Reicherts had obtained a search warrant. Prior to the second search, moreover, deputy Reicherts secured Howard's and Stephanie Baxter's written consent.

■ In assessing alleged violations of constitutional rights, our standard of review is de novo; we make an independent evaluation of the totality of the circumstances as shown by the entire record. *State v. Boley*, 456 N.W.2d 674, 677 (Iowa 1990), *cert. denied*, 498 U.S. 924, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990).

■ Howard contends in his application for further review that Reicherts' promises of leniency, which rendered involuntary the initial warrantless search of his apartment, also rendered involuntary the written consent that Howard and Baxter gave Reicherts before he commenced the second search. The court of appeals concluded that the written consent was valid and therefore affirmed the trial court's conclusion that the second and third searches were constitutional without reaching the question of the validity of the warrant.

■ A search to which an individual consents comports with the requirements of the fourth amendment. *Folkens*, 281 N.W.2d at 3. Consent given to a search must be unequivocal, specific, and freely and intelligently given. *United States v. Shaibu*, 920 F.2d 1423, 1424 (9th Cir.1990); 68 Am.Jur.2d *Searches and Seizures* § 83, at 709–10

(1993). The question of voluntariness of consent is one of fact, and the State must prove the alleged consent by a preponderance of the evidence. *United States v. Matlock*, 415 U.S. 164, 177 n. 14, 94 S.Ct. 988, 996 n. 14, 39 L.Ed.2d 242, 253 n. 14 (1974); *Folkens*, 281 N.W.2d at 3.

■ Even if an initial search is invalid, a later search based on written consent is valid. *State v. Garcia*, 461 N.W.2d 460, 464 (Iowa 1990), *cert. denied*, 499 U.S. 909, 111 S.Ct. 1115, 113 L.Ed.2d 223 (1991). In *Garcia*, the police gave the defendant his *Miranda* warnings and presented him with a consent-to-search form which stated:

> 6. You have the right to refuse permission to search your property whether owned, leased, or under your control, without a valid search warrant.

*Id.* The defendant signed the consent form, and we held the consent was valid. *Id.*

We likewise believe Howard's and Baxter's written consent to Reicherts' second search was valid.

Like the defendant in *Garcia*, Howard (and Baxter) signed written forms that informed them of their right to refuse consent in the absence of a valid search warrant. The form specifically stated:

> This written permission and consent is given by me voluntarily and without threat or promises of any kind and is free from duress and coercion. I understand that said officer(s) could not make this search or seize any of my property except by legal warrant, and I further realize that my constitutional rights protect me from unreasonable searches and seizures.
>
> I realize that any property thus found in connection with this search might be presented in open court and used against me.

In their testimony, Howard and Baxter admitted to signing this consent. Moreover, Reicherts had called two officers to secure the apartment and detain those present while he went to obtain a warrant. The presence of these officers should have signaled to Howard and the others that Reicherts' intentions extended beyond merely retrieving the stolen goods. Finally, in none of his motions

to suppress or dismiss or in any of his arguments on appeal has Howard asserted that Reicherts reiterated his promises of leniency when Reicherts returned with the search warrant. We therefore believe that Reicherts' earlier assurances expired in the course of the intervening events, including the detention, Reicherts' departure, and Howard's and Baxter's subsequent signing of the consent-to-search form.

We note that the trial court denied Howard's motions to suppress the evidence gained by the written search on the ground that Reicherts' had a valid warrant, not on the ground that Howard consented to the search. The State, however, asserted the consent theory at the same hearing that it asserted that the warrant was valid. The court of appeals based its affirmance of the trial court on the consent theory, and Howard addressed that theory only in his application for further review.

█ We can uphold the trial court's ruling on any ground apparent in the record, whether urged at trial or ruled on by the trial court. *Bensley v. State,* 468 N.W.2d 444, 445 (Iowa 1991); *see also Citizens First Nat'l Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980) ("We are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding."). Here, the State claimed that Howard consented to the search at the same hearing that it claimed the search warrant was valid. Therefore, despite the trial court's failure to rule on those grounds, we agree with the conclusion of the court of appeals that the search based on the written consent was valid.

We conclude that the trial court properly refused to exclude the evidence obtained pursuant to Howard's written consent.

III. *Admission of the Burch statement.* Defendant Howard also argues that the trial court erred in admitting a statement of Aaron Burch into evidence. Burch, one of the perpetrators of the burglaries, had given the written statement to deputy Reicherts. The statement explained how Burch and other burglars in a number of break-ins purloined the property involved in this case and how

they took the stolen property into Howard's apartment. Burch did not testify at trial; the State introduced as exhibit G his statement through deputy Reicherts. Defendant contends he objected to the exhibit on hearsay grounds, noting the admission of the statement denied him his right to cross-examination. The State says that Howard failed to preserve error on the hearsay objection, contending that at trial Howard only objected to the statement on foundational and confrontational grounds.

█ We give the trial court broad discretion in evidentiary matters, disturbing its rulings only upon a showing of abuse. *State v. Jones,* 490 N.W.2d 787, 789 (Iowa 1992).

█ Howard contends that the court of appeals erred in concluding that he failed to preserve error on his hearsay objection to the introduction of the statement of Aaron Burch. Counsel for Howard objected to the statement on hearsay grounds when the State first asked deputy Reicherts whether he obtained a statement from Burch. Later in the trial, however, when the State actually offered the exhibit containing Burch's statement into evidence, defendant objected not on grounds of hearsay, but on the grounds that the statement violated defendant's rights under the confrontation and due process clauses of the Iowa and federal constitutions, that the statement denied Howard his right to cross-examine Burch, and that the statement lacked an adequate foundation. Counsel for defendant omitted his earlier hearsay ground. The trial court overruled the objections and admitted the statement.

█ We have held that a premature objection is generally not sufficient to preserve error. *Carradus v. Lange,* 203 N.W.2d 565, 567–68 (Iowa 1973). An objection to evidence must be made when the evidence is offered. *Blue Cross of Western New York v. Bukulmez,* 736 P.2d 834, 838 (Colo.1987); *see also Roberts v. Roberts,* 299 S.C. 315, 384 S.E.2d 719, 721 (1989) (holding that evidence must be offered before opposing party may object to its introduction or trial judge may rule on its admissibility). If counsel objects prematurely to the introduction of evidence,

the objection must be repeated at the time the evidence is introduced or the objection to the error in admitting the evidence will be waived. Robert G. Allbee & Kasey W. Kincaid, *Error Preservation in Civil Litigation: A Primer for the Iowa Practitioner*, 35 Drake L.Rev. 1, 9 (1985–86).

Here, counsel for defendant Howard made his hearsay objection to the statement of Aaron Burch prematurely and failed to repeat it at the time the State offered the statement into evidence. The objection should have been made when the statement was offered. *Blue Cross*, 736 P.2d at 838.

The converse of the facts in the present case appeared in *State v. Farni*, 325 N.W.2d 107 (Iowa 1982). In *Farni*, the defendant objected to the State's introduction of testimony from the victim's mother on hearsay grounds. 325 N.W.2d at 109. On appeal, however, defendant argued that the admission of the statement violated his rights under the confrontation clauses of the Iowa and federal constitutions. *Id.* at 108. We refused to reach the constitutional question because the defendant failed to raise it at trial. *Id.* at 109. We opined that a hearsay objection is not specific enough to raise the issue of the constitutional right to confrontation. *Id.*

We believe the same problem occurred in this case. The grounds of the objection that Howard made when the State offered the statement into evidence—lack of foundation and violation of confrontational rights—were not sufficiently specific to inform the trial court of the hearsay basis now urged. *Cf. Farni*, 325 N.W.2d at 109.

Defendant Howard maintains that he preserved error on his hearsay objection because all the parties involved were aware of his initial objection. He cites *State v. Martin*, 385 N.W.2d 549, 551–52 (Iowa 1986), as authority for his argument. In *Martin*, a criminal defendant argued, in opposition to a motion in limine filed by the State, that Iowa rule of evidence 404(a)(2)(A) permitted her to cross-examine the victim. *Id.* at 551. On appeal, the defendant contended that the defendant's right fell under rule 608(b), not rule 404(a)(1)(B). *Id.* Despite the changing grounds of the defendant's argument, we

held that error was preserved on the issue. *Id.* at 552. We reasoned that both the trial court and the prosecution were aware of the rule 608(b) argument because the State had referred to rule 608(b) in its argument supporting its motion in limine. *Id.*

Unlike *Martin*, the record does not show that the trial court or the State in this case was aware of defendant Howard's intention to object to the introduction into evidence of Exhibit G on the basis of hearsay. Because Howard's only objection to the statement on the hearsay ground occurred well before the State offered it, the trial court could have reasonably concluded that Howard no longer wished to pursue the objection at the time the State actually offered the exhibit into evidence. Moreover, we have found nothing in the record that indicates either the State's or the trial court's later knowledge of Howard's hearsay objection. In *Martin*, the State documented the rule 608(b) issue in its motion in limine; here, no such documentation occurred. Thus, the State and the trial court in the present case lacked the specific and documented knowledge of the disputed objection that the parties had in *Martin*.

We conclude that Howard failed to preserve error on his hearsay claim. Defendant does not on appeal address the foundation, confrontation, or cross-examination issues, nor does he claim that his trial counsel was ineffective for failing to object to the introduction of the exhibit as containing hearsay. The trial court did not err in admitting the statement of Aaron Burch into evidence.

IV.. *Disposition*. Having found no merit in any of Howard's contentions, we affirm the decision of the court of appeals and the judgment of the trial court in all respects.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**