**STATE of Iowa, Plaintiff–Appellant,**

v.

**Jackie Lynn BRANDON,
Defendant–Appellee.**

No. 07–1206.

Court of Appeals of Iowa.

May 29, 2008.

Thomas J. Miller, Attorney General, Richard Bennett, Assistant Attorney General, and Jeffrey Millhollin, County Attorney, for appellant.

Mark C. Smith, State Appellate Defender, and Robert Ranschau, Assistant Appellate Defender, for appellee.

Considered by HUITINK, P.J., and ZIMMER and MILLER, JJ.

ZIMMER, J.

Jackie Brandon (Brandon) and his wife, Terri, are the co-owners of a home in rural Adams County. After receiving permission to search the Brandons' marital residence from Terri, law officers conducted a search of the couple's home. They discovered evidence of criminal activity in the basement. Based on that evidence, the State charged Brandon with two criminal offenses. Brandon moved to suppress the evidence. Following a hearing, the district court determined the search was invalid because Brandon was present at the residence and did not consent to the search. Therefore, the court granted Brandon's motion to suppress. Following the granting of discretionary review, the State seeks reversal of the district court's ruling. Upon our review, we affirm the court's decision.

## I. Background Facts and Proceedings.

Brandon and Terri were involved in a domestic altercation on January 11, 2007, which led Terri to leave the family residence. On January 15 Terri executed a written permission to search form, which gave the Adams County Sheriff's Office consent to search the Brandon family residence.[1] After receiving this consent, several deputy sheriffs proceeded to the Brandons' home. The deputies had an arrest warrant for Brandon on charges arising out of the domestic altercation.

The deputies entered the Brandons' residence and found Brandon in the living room. Brandon asked if the deputies had a search warrant. One of the deputies replied that they had an arrest warrant, and another said that because of that, they did not need a search warrant. The deputies then arrested Brandon and removed him from the residence.

---

1. Terri faxed the consent to search form to law enforcement officers from a domestic violence crisis center.

A search of the Brandon residence ensued. In the basement, deputies found drug paraphernalia, small plastic bags, and some white residue. After discovering those items, the deputies left the residence and obtained a search warrant. The deputies then returned to the scene, executed the search warrant, and conducted a more extensive search.

Based on the evidence recovered from the Brandons' home, the State filed a trial information charging Brandon with possession of methamphetamine and child endangerment. Brandon filed a motion to suppress the evidence seized from his residence. He argued that the initial search pursuant his wife's consent was invalid because he had not consented to a search, the officers did not request his consent despite his presence in the home, and the officers allegedly "removed" him to avoid a possible objection. The motion also asserted that any later search pursuant to the search warrant the deputies obtained was invalid.

Following an evidentiary hearing, the district court granted the defendant's motion to suppress the evidence found in the Brandons' home. The court concluded that Brandon did not consent to a search of his residence, and that the consent of his wife was insufficient support for the initial warrantless search, in light of the decision in *Georgia v. Randolph*, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006).

The State filed an application for discretionary review of the district court's ruling contending the district court erroneously concluded that *Georgia v. Randolph* controlled the result in this case. Our supreme court granted discretionary review, stayed further district court proceedings, and transferred the case to this court.

## II. Scope and Standards of Review.

We review a district court's ruling on a motion to suppress evidence allegedly seized in violation of constitutional guarantees de novo. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001). We independently evaluate the totality of the circumstances as shown by the entire record. *State v. Howard*, 509 N.W.2d 764, 767 (Iowa 1993). We defer to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings. *Turner*, 630 N.W.2d at 606.

## III. Discussion.

■ The State contends the district court's suppression ruling should be reversed because the Supreme Court's decision in *Georgia v. Randolph* has no application to this case. The State argues that because the defendant did not expressly object to the search of his home, the search was appropriately based on the consent of his wife.

■ Voluntary consent allows police to conduct a warrantless search of property over which the consenting person has authority. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 222, 93 S.Ct. 2041, 2043–2045, 36 L.Ed.2d 854, 858, 860 (1973). In *United States v. Matlock*, 415 U.S. 164, 170, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 249 (1974), the Supreme Court held that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." In *Georgia v. Randolph*, the Court addressed whether such consent is valid when the other occupant or owner of the premises is present and objects to the search. 547 U.S. at 106, 126 S.Ct. at 1519–1520, 164 L.Ed.2d at 217. The Court held that an officer had no authority to proceed with a search in the face of the objection of a co-

tenant of the property who was present and objected to the search. *Id.* at 120, 126 S.Ct. at 1526, 164 L.Ed.2d at 226.

In this case, the district court found that Brandon had "objected to the search" of his residence, and so the *Randolph* decision controlled. The State asserts the district court erred in finding that Brandon expressly objected to a search of his residence.

Deputy Alan Johannes testified at the suppression hearing. Initially, he testified that the defendant was in jail when Terri gave her consent to search the Brandons' home. However, after being shown documents that clearly revealed the defendant was not in custody, the deputy recalled that Brandon was present in the living room of his home when deputies arrived to conduct a search.

On cross-examination Deputy Johannes testified as follows:

Q: Isn't it true that upon entering his home Mr. Brandon was in his living room? A: Yes, he was.

Q: And he said to you, do you have a search warrant? Do you recall that? A: I said I had an arrest warrant.

Q: And you said I don't need a search warrant, I have an arrest warrant? A: I don't know if I said that or Dan said that. I can't remember which one. I did not say that.

Q: But someone said you have an arrest warrant? A: Yes.

The defendant argues that the officer's reply that he had an arrest warrant indicates that any further objection by him would have been futile. We believe this argument has merit. In *Bumper v. North Carolina,* 391 U.S. 543, 550, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797, 803 (1968), the Supreme Court stated,

When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion-albeit colorably lawful coercion. Where there is coercion there cannot be consent.

The State points out that in *Bumper* the police obtained the defendant's consent by asserting they had a warrant, 391 U.S. at 546, 88 S.Ct. at 1790, 20 L.Ed.2d at 801, whereas in the present case, police already had consent from the defendant's wife, and the only issue is whether Brandon objected under *Randolph* when he asked the officers if they had a search warrant. The State argues that merely asking the officers whether they had a search warrant does not constitute an objection or an expression of nonconsent. *See Randolph,* 547 U.S. at 120, 126 S.Ct. at 1515, 164 L.Ed.2d at 226 ("We therefore hold that a warrantless search of a shared dwelling for evidence over the *express refusal* of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident.") (emphasis added).

There is no dispute that Brandon asked the deputies if they had a search warrant after they entered his living room. By making this inquiry, the defendant was clearly questioning the deputies' authority to enter and search his home. In response to Brandon's inquiry, the deputies did not ask Brandon if he consented to a search of his residence. Instead, one of the deputies replied he had an arrest warrant. Brandon was then arrested, removed from his home, and taken to jail. We believe the deputies' response to the defendant's question and their subsequent actions clearly signaled that further objection or inquiry by the defendant would have been futile, and that Brandon had no right to resist or refuse a search of his property.

We conclude the deputies did not have authority to proceed with a search in the face of a challenge to their authority by a physically present co-owner particularly where the officers' actions clearly implied that the owner-occupant had no right to resist the search. Because the initial search was made without a valid warrant and no exception to the warrant requirement has been shown, we affirm the district court's order granting Brandon's motion to suppress.

**AFFIRMED.**