# IN THE COURT OF APPEALS OF IOWA

No. 15-2083
Filed November 23, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RODNESHIA LAVONTAE MCBRIDE,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


    A defendant appeals her conviction for assault causing bodily injury.

**AFFIRMED.**


    Eric D. Tindal of Nidey, Erdahl, Tindal & Fisher, P.L.C., Williamsburg, for

appellant.

    Thomas J. Miller, Attorney General, and Aaron J. Rogers, Assistant

Attorney General, for appellee.


    Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Rodneshia McBride raises one evidentiary issue in this appeal from her conviction for assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2) (2015). She argues screenshots of social media posts were admitted at her trial without proper foundation. Because McBride did not preserve error on this claim, we affirm.

McBride and codefendant, Shyneckia King, were tried together. The complaining witness told the jury that McBride and King hit her and pulled out her hair while she was at a Davenport park with her children on April 27, 2015. During her testimony, the State offered into evidence three screenshots[1] from a video that had been uploaded to Facebook, designated as Exhibits 4, 5, and 6. The witness testified the screenshots came from a video of the assault McBride's brother had recorded. King's attorney objected to the admission of the exhibits without specifying a ground for the objection, and McBride's attorney "join[ed] in the objection for hearsay." Neither defense attorney elaborated on these objections. The court summarily overruled the objection and admitted the exhibits into evidence.

The State also offered two screenshots of status updates[2] from McBride's Facebook account—Exhibits 2 and 3. The updates appeared to display

---

[1] A "screenshot" has been described as a tangible printout of electronic evidence that exists in digital form. *See* 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.901:11 (2015).

[2] A Facebook status or status update

> keeps users updated on the latest happenings in their friends' lives. The updates range from milestones ("We are celebrating Steve's 40th birthday today!") to banalities ("Carey kept us up all night . . . again"). The Facebook audience typically comments on each update, and the poster responds, creating a mini-conversation to supplement every post. Those

screenshots from the video,[3] and one included a caption: "LMS[4] if u wanna c sum action," followed by several emoji,[5] including fist symbols. The complaining witness acknowledged she had not taken the screenshots herself. She testified a friend sent her the images because she was not "friends" with McBride on Facebook and did not have access to McBride's profile. But the witness maintained she had personally seen the posts on Facebook. Again, the defense attorneys objected, this time for lack of foundation. In support of the objection, King's attorney stated:

> The individual who was able to—or allegedly able to pull up the account, pull the pictures and print them, I'm assuming is not here and should be the one testifying as to whether or not these alleged photos are on the Facebook page and what Facebook page it was.

The court sustained the objection.

Following the close of the State's case-in-chief, McBride testified in her defense. On cross-examination, the State questioned McBride about Exhibits 2 and 3. McBride admitted the posts came from her Facebook account but claimed the screenshots did not portray the April 27 incident. The State re-offered the exhibits. The court asked both defense attorneys whether they objected, and both responded they had no objection. The court admitted the exhibits. After the presentation of evidence, the jury found McBride guilty.

---

not inclined to verbosity can express approval by "liking" the update, or even one of the subsequent comments.

Jeffrey Bellin, *eHearsay*, 98 Minn. L. Rev. 7, 16–17 (2013).

[3] The testimony of the complaining witness and McBride differed on whether one of the status updates was the video itself or a screenshot from the video.

[4] McBride testified "LMS" means "like my status."

[5] Emoji are a series of symbols that represent emotions and other abstract ideas. Rachel Scall, *Emoji as Language and Their Place Outside American Copyright Law*, 5 N.Y.U.J. Intell. Prop. & Ent. L. 381, 382–83 (2016).

On appeal, McBride argues the court admitted the screenshot exhibits without proper foundation. She contends:

> [A]ny link [between the evidence and] Ms. McBride was itself hearsay. It is clear from the record that [the complaining witness] had no access to Ms. McBride's Facebook account for some time preceding the events in question. That any access was through a separate friend. As such there was improper foundation for said screenshots.

The State insists McBride did not preserve error because: (1) McBride did not object to the admission of Exhibits 2 and 3 when the State offered those exhibits during its cross-examination and (2) McBride objected to Exhibits 4, 5, and 6 on the basis of hearsay only.

We agree McBride failed to preserve error on the foundation issue she argues on appeal. Generally, issues must "be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). To preserve error on an evidentiary claim, a party must lodge a timely objection stating a specific ground for objecting. *See* Iowa R. Evid. 5.103(a)(1).

McBride objected to Exhibits 4, 5, and 6 at trial, alleging hearsay as the only basis for objecting.[6] McBride's hearsay objection did not put the district court on notice of the lack-of-foundation claim now raised on appeal. *See State v. Howard*, 509 N.W.2d 764, 768–69 (Iowa 1993) (holding grounds for objection at trial—lack of foundation and violation of confrontation rights—did not preserve

---

[6] McBride's appellate brief mentions hearsay only in passing and does not offer any explanation how the screenshots implicate the rule against hearsay. Accordingly, we decline to reach the merits of a hearsay claim. *EnviroGas, L.P. v. Cedar Rapids/Linn Cty. Solid Waste Auth.*, 641 N.W.2d 776, 785 (Iowa 2002) (holding random reference to an issue, without elaboration or citation to authority, is insufficient to raise an issue for consideration by the appellate court).

error on appellate hearsay claim); *see also State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982) (holding objection that question "calls for hearsay" was too broad to raise Confrontation Clause issue).

As for Exhibits 2 and 3, although defense counsel objected to a lack of foundation when they were first offered by the State, neither defense attorney objected when the State moved to admit the exhibits during its cross-examination of McBride. McBride's initial objection to the exhibits was waived when her counsel expressly stated he had no objection when the State re-offered them. *See State v. Terry*, 569 N.W.2d 364, 369 (Iowa 1997).

Because McBride failed to preserve error on her evidentiary claim, we decline to order a new trial.

**AFFIRMED.**