**IN THE COURT OF APPEALS OF IOWA**

No. 17-0371
Filed January 24, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**PETER PATRICK BACCAM,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Sioux County, Jeffrey L. Poulson,

Judge.

     Peter Baccam appeals his conviction of domestic abuse assault by

strangulation causing bodily injury.  **AFFIRMED.**

     Jared R. Weber of Jared Weber, Attorney at Law, Orange City, for

appellant.

     Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

     Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Peter Baccam appeals his conviction of domestic abuse assault causing bodily injury, second offense, in violation of Iowa Code section 708.2A(3)(b) (2016).  On appeal, Baccam argues the district court should have granted his motion for a new trial because the court improperly admitted evidence of prior bad acts at his jury trial.  Baccam argues the district court also erred by allowing hearsay evidence to be admitted.  As to both of these arguments, Baccam relies on a record made before the first witness testified.  The objections Baccam noted in this record were not renewed or ruled upon during the presentation of evidence.  Baccam also argues there is insufficient evidence to support his conviction.

## I.  Background Facts and Proceedings.

Peter Baccam and the complaining witness lived together, were in a relationship, and had three children together.  The complaining witness was several months pregnant at the time of the altercation on October 10, 2016.  There are different accounts of what happened that day.  The following day the complaining witness sought medical attention and told medical personnel about the altercation.  Medical personnel notified law enforcement.  Law enforcement officers interviewed the complaining witness about the altercation.

Baccam was charged with domestic abuse assault on October 20, 2016.  Baccam pled not guilty.  In January 2017 a jury convicted Baccam of domestic abuse assault.  The State filed a notice to court in January 2017 acknowledging a State exhibit contained information referring to prior physical abuse, in conflict with the court's earlier ruling on a motion in limine.  Baccam filed a motion for a new

trial in February 2017, and the court overruled the motion after a hearing in March 2017.[1]

## II. Prior Bad Acts.

Baccam argues a medical report was improperly admitted because it contained references to prior bad acts. The State argues this issue is not preserved for our review.

Prior to trial, Baccam filed a motion in limine, in part requesting the court to exclude evidence of any prior convictions, arrests, or allegations of wrongful acts of the defendant. Baccam cited Iowa Rule of Evidence 5.404(b)(1): "Prohibited use. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

The district court granted Baccam's motion in limine in a pretrial conference order, but explicitly cautioned Baccam, stating:

> Rulings on motions in limine are not final evidentiary rulings. Where sustained, counsel and witnesses shall refrain from discussing the subject matter of the motion in the presence of the jury until after a favorable evidentiary ruling. Nothing contained in this ruling shall relieve counsel from the need to make the necessary offer of proof or objection during the course of the trial in order to allow the court to make a final evidentiary ruling in the context of the trial.

---

[1] Baccam filed his notice of appeal after his motion for a new trial was denied, but before sentencing. A defendant is entitled to a right of appeal from final judgment. Iowa Code § 814.6. "In a criminal case, sentence constitutes final judgment." *State v. Anderson*, 246 N.W.2d 277, 279 (Iowa 1976). Because Baccam filed his notice of appeal before his sentence was filed, his appeal is premature. Rather than dismiss his appeal, we treat his notice of appeal as an application for interlocutory review, grant the application, and address the merits of his claim. *See* Iowa R. App. P. 6.108 ("If any case is initiated by a notice of appeal . . . and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested.").

Before the first witness testified, and before the medical report had been identified or offered as evidence, Baccam raised an objection to the medical report. The medical report documents the complaining witness's account of her injuries and how they happened. Baccam objected to the portion of the report stating that the complaining witness "[t]ells me that the baby's father has hurt her before over the past 4 1/2 years. She feels that 'drugs play a factor' when he is abusive."

Baccam objected to the medical report on the grounds that it contained no probative value and the evidence was cumulative. Baccam also asserted that the medical report "contains a lot of issues in the motion in limine."

The State offered to redact the portion of the medical report quoted above. Baccam's trial counsel responded, "Yeah, I think that should take care of the concerns I have." The district court judge then stated, "[The medical report] hasn't been offered, so I think the entire objection is somewhat premature . . . Once again, until the exhibit has been authenticated and offered, I will not be ruling, but now would be an appropriate time to do the redaction."

Later, the State moved to admit the medical report into evidence. Baccam's trial counsel objected, stating the exhibit had no probative value and was cumulative. The objection was overruled. Baccam's trial counsel did not object to the medical report as introducing evidence of prior bad acts, and the district court did not make a final ruling on this issue.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "Motion for new

trial ordinarily is not sufficient to preserve error where proper objections were not made at trial." *State v. Steltzer*, 288 N.W.2d 557, 559 (Iowa 1980).

While Baccam did file a motion in limine,

> It is generally recognized that a motion in limine does not preserve error since error does not occur until the matter is presented at trial. An objection should be made at trial to preserve error. This rule, however, has an exception. A defendant is not required to object at trial if the prior ruling on the motion in limine "amounts to an unequivocal holding concerning the issue raised."

*State v. Delaney*, 526 N.W.2d 170, 177 (Iowa Ct. App. 1994) (citations omitted). The district court judge made it clear to counsel that his motion in limine ruling and any pretrial discussion before the exhibit was offered were not final rulings on the matter. *See also State v. Howard*, 509 N.W.2d 764, 768–69 (Iowa 1993) (holding that an objection before the introduction of evidence must be repeated when the evidence is introduced or objections to the error in admitting the evidence are waived). We find Baccam's argument that the medical report should not have been admitted is not preserved for our review.

### III. Hearsay.

Baccam argues the district court improperly allowed hearsay statements to be admitted as evidence. Baccam argues the testimony of a nurse and a nurse practitioner were not statements made for the purposes of medical diagnosis and treatment, and were therefore not allowed under any hearsay exceptions. The State argues Baccam did not preserve error on this issue.

The State's first witness was the nurse who treated the complaining witness the day following the incident between Baccam and the complaining witness. Before the nurse began her testimony, Baccam interrupted with his objections to

the medical report discussed above and to the testimony of the nurse, stating, "Your Honor, there are some issues we need—some record to be made before this witness testifies." Baccam proceeded:

> We were alerted yesterday that [the complaining witness] might not be cooperating with the State. If that is the case, whatever she told [the nurse] will be inadmissible because, one, it will be hearsay; two, it will violate the confrontation clause. If she's able to testify, that takes care of our concern.

The State replied that the complaining witness would be testifying "so the hearsay and confrontation don't apply." The State then addressed Baccam's concerns with the medical report, discussed above. Baccam's trial counsel replied, "Yeah, that should take care of the concerns that I have." Trial resumed and the nurse was questioned without any further objections and without cross-examination. The complaining witness's nurse practitioner also testified; Baccam did not voice any objections to her testimony. The trial court never ruled on whether any portion of the nurse or the nurse practitioner's testimony was admissible. Issues must be raised and decided by the district court before they can be decided on appeal. *Meier,* 641 N.W.2d at 537. Baccam's hearsay arguments have not been preserved for our review.

### IV. Insufficient Evidence.

Finally, Baccam argues there is insufficient evidence to uphold his conviction because there is no direct testimony of an assault or injury and because the complaining witness recanted her statements made to medical professionals and law enforcement, testifying to a different version of events.[2]

---

[2] Baccam does not argue the State has committed a *Turecek* violation. *See State v. Turecek,* 456 N.W.2d 219, 255 (Iowa 1990).

"Challenges to the sufficiency of evidence are reviewed for errors at law." *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002). When reviewing challenges to sufficiency of the evidence, "courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it." *State v. Romer,* 832 N.W.2d 169, 174 (Iowa 2013) (internal citation omitted). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (citation omitted). If the "evidence only raises 'suspicion, speculation, or conjecture', it is not substantial evidence." *Id.* (citation omitted).

Baccam argues there is no direct testimony from the complaining witness describing an assault. The jury was presented with evidence from a nurse and a nurse practitioner, both of whom testified that the complaining witness reported the father of her baby had pushed her to the ground, slammed her head on the floor, and tried to choke her twice. The medical report from that day reflects the complaining witness's statements to the same effect. The medical report and the nurse practitioner's testimony also reflect injuries consistent with the witness's statements, including a possible concussion. Baccam's objections on appeal to this evidence were not preserved at trial. Sioux Center Police Officer Mike Halma testified the complaining witness reported Baccam grabbed her by the neck and pushed her down. Officer Halma also reported observing the witness to be in pain the day after the alleged assault. Photographs of the complaining witness's neck— including scratch marks—were submitted to the jury.

While the complaining witness recanted her previous account of the assault in her trial testimony, she made consistent statements to medical professionals and law enforcement the day after the assault. "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). The jury found Baccam guilty of domestic abuse assault by strangulation causing bodily injury. We conclude that substantial evidence supports this finding.

**AFFIRMED.**